HAND-DELIVERED TO PETITIONS SECTION

## UNITED STATES TAX COURT

PARROTT ENTERPRISES, LLC, ~~AND~~
ANGELICA THIERIOT, TAX MATTERS
PARTNER,

　　　　　　　　　　Petitioner,

　　　　v.

COMMISSIONER OF INTERNAL REVENUE,

　　　　　　　　　Respondent.

Docket No. 1 9 3 0 - 0 4



## PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226

　　　　Parrott Enterprises, LLC (the "Petitioner") by its Tax Matters Partner ("TMP") on behalf of the partnership and the partners, hereby petitions for a readjustment of the partnership items set forth in the Commissioner's Notice of Final Partnership Administrative Adjustment dated April 13, 2004, and as the basis for Petitioner's case alleges as follows:

　　　　1.　　　Parrott Enterprises, LLC is a partnership duly organized as a limited liability company under the laws of Delaware with a mailing address of 44 Montgomery Street, Suite 940, San Francisco, CA 94104. Petitioner's Federal Employer Identification Number is 94-3354253. The Petitioner's principal place of business is San Francisco, California. The Petitioner's tax return for the tax year involved here was filed with the Internal Revenue Service Center in Fresno, California.

ADDRESS USED BY COURT

　　　　2.　　　Angelica Thieriot is the Tax Matters Partner for Parrott Enterprises, LLC.

　　　　3.　　　The Notice of Final Partnership Administrative Adjustment ("FPAA"), a copy of which is attached hereto and marked as Exhibit A, was mailed to the Petitioner on April 13, 2004, and was issued by the Office of the Internal Revenue Service in Oakland, California.

　　　　4.　　　The partnership adjustments, as determined by the Commissioner, are set forth in the FPAA as follows:

Partnership C/o TMP

PRINTED ON RECYCLED PAPER
SERVED JUL 1 2 2004

Tax Year Ended 12/31/2000

ADJUSTMENT TO DIVIDEND INCOME              $119,700

ADJUSTMENT TO SHORT TERM GAIN        $204,284,115

ACCURACY RELATED PENALTIES

5.     The partnership adjustments set forth in said Notice of Final Partnership Administrative Adjustments are based on the following errors:

(a)     The Commissioner erred in determining that Parrott Enterprises, LLC was a sham, lacked economic substance, and, under § 1.701-2 of the Treasury Regulations, was formed or availed of in connection with a transaction or transactions in the taxable year 2000, a principal purpose of which was to reduce substantially the present value of the partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code.

(b)     The Commissioner erred in determining that Parrott Enterprises, LLC should be disregarded in whole or in part, and Parrott Enterprises, LLC's assets and activities should be considered, in whole or in part, to be owned and conducted by its partners.

(c)     The Commissioner erred in determining that the partners of Parrott Enterprises, LLC should not be treated as partners.

(d)     The Commissioner erred in determining that, any contributions, including call options and zero coupon notes, contributed to or assumed by Parrott Enterprises, LLC, are to be treated as never having been contributed to or assumed by Parrott Enterprises, LLC, and any gains or losses realized by Parrott Enterprises, LLC on the contributions, including call options and zero coupon notes, are to be treated as having been realized by the partners.

(e)     The Commissioner erred in determining that the bases of the contributions to Parrott Enterprises, LLC, including call options and zero coupon notes, should be adjusted or modified.

(f)     The Commissioner erred in determining that the short positions (written call options) transferred to Parrott Enterprises, LLC constitute liabilities for purposes of I.R.C. § 752, the assumption of which by Parrott Enterprises, LLC should be considered as a

1   distribution of money to the partners, and the bases in the partnership of the partners should be

2   reduced by the amount of money considered to be distributed to the partners by virtue of Parrott

3   Enterprises, LLC's assumption of the partner's liabilities.  The Commissioner further erred in

4   determining the amount of the short positions.

5          (g)    The Commissioner erred in determining that the adjusted bases of the long

6   call positions (purchased call options), zero coupon notes, and other contributions contributed by

7   the partners to Parrott Enterprise, LLC has not been established under I.R.C. § 723 and

8   consequently that the partners of Parrott Enterprises, LLC have not established adjusted bases in

9   their respective partnership interests in an amount greater than zero.

10          (h)    The Commissioner erred in determining that in the case of a sale,

11   exchange, or liquidation of Parrott Enterprises, LLC's partners' partnership interests that Parrott

12   Enterprises, LLC had failed to establish that the bases of the partners' partnership interests were

13   greater than zero for purposes of determining gain or loss to such partners from the sale,

14   exchange, or liquidation of such partnership interest.

15          (i)    The Commissioner erred in determining that Parrott Enterprises, LLC has

16   not established adequate bases in the call options and zero coupon notes in an amount greater

17   than zero, and that accordingly Parrott Enterprises, LLC realized a gain in the amount of

18   $204,284,115 from the sale of the call options and zero coupon notes.

19          (j)    The Commissioner erred in determining that Parrott Enterprises, LLC had

20   not established that the call options and zero coupon note positions entered into by the partners

21   of Parrott Enterprises, LLC and contributed by them to Parrott Enterprises, LLC were entered

22   into for profit; so that the losses realized by Parrott Enterprises, LLC from the sale, expiration, or

23   other disposition of the contributed call option and zero coupon note positions shall not be

24   treated as losses incurred in a transaction entered into for profit.

25          (k)    The Commissioner erred in determining that the Parrott Enterprises,

26   LLC's partners lacked the requisite profit intent and their activities and investment in the

27   partnership lacked the requisite economic substance, in order to allow deductions arising from or

28   related to their investment in Parrott Enterprises, LLC or its activities.

DATE:  July 8, 2004

3

PRINTED ON RECYCLED PAPER

1    (l)    The Commissioner erred in determining that the adjustments of

2    partnership items of Parrott Enterprises, LLC are attributable to a tax shelter for which no

3    substantial authority has been established for the position taken, and for which there was no

4    showing of reasonable belief by Parrott Enterprises, LLC or its partners that the position taken

5    was more likely than not the correct treatment.

6    (m)    The Commissioner erred in determining that any underpayment of tax

7    resulting from the adjustments of partnership items are attributable to substantial

8    understatements of income tax, gross valuation misstatements, or negligence or disregard of rules

9    or regulations.

10    (n)    The Commissioner erred in determining that there has not been a showing

11    by Parrott Enterprises, LLC or any of its partners that there was reasonable cause for any

12    underpayments or that Parrott Enterprises, LLC or any of its partners acted in good faith, or that

13    any other exceptions to the Accuracy-Related Penalties apply.

14    (o)    The Commissioner erred in determining that the Accuracy-Related Penalty

15    under 6662(a) of the Internal Revenue Code applies to any underpayments of tax attributable to

16    adjustments of partnership items of Parrott Enterprises, LLC.

17    (p)    The Commissioner erred in determining that (1) a 40 percent penalty shall

18    be imposed on any underpayment alleged to be attributable to gross valuation misstatement as

19    provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code;

20    (2) a 20 percent penalty shall be imposed on any underpayment alleged to be attributable to

21    negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), and

22    6662(c) of the Internal Revenue Code; (3) a 20 percent penalty shall be imposed on any

23    underpayment alleged to be attributable to the substantial understatement of income tax as

24    provided by Sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code, and (4) a

25    20 percent penalty shall be imposed on any underpayment alleged to be attributable to a

26    substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of

27    the Internal Revenue Code.

28    6.    The facts upon which Petitioner relies, as the basis of its case, are as follows:

DATE:  July 8, 2004

4

PRINTED ON RECYCLED PAPER

(a)    Richard T. Thieriot has been a full time investor for over 25 years. His spouse and immediate family have also been regular and frequent investors. Investment activities have been undertaken by individual family members, through trusts and through partnerships or limited liability companies in situations involving joint investments or transactions on behalf of multiple family members. Investments have also been made through corporations.

(b)    The Thieriot family's investments included a diversified portfolio of publicly traded and private equities, as well as approximately a 5% interest in Chronicle Publishing Company ("CPC"), a closely held mutli-media corporation. The family's portfolio also included a large amount of stock in AT&T.

(c)    The shareholders of CPC decided in 1999 to make their investments more liquid by selling each of the business lines to a number of unrelated buyers. Sales for CPC's businesses were negotiated in 1999, with transactions scheduled to close on a number of dates throughout 2000. CPC and the expected proceeds from the sale of CPC assets represented a significant percentage of the family's total net worth. CPC's assets consisted of several largely discrete businesses including television stations, newspaper and book publishing businesses.

(d)    Richard T. Thieriot created ten irrevocable trusts (two for each of his five children) (the "Trusts"). J.P. Thieriot Investment Group, LLC, a limited liability company ("JPTIG"), was formed by one of his sons and was 1% owned by Richard T. Thieriot. The Trust and JPTIG held the family CPC stock and the AT&T stock, as well as proceeds (and reinvested proceeds) of CPC sales and AT&T stock.

(e)    In early March 2000, a sale of the Chronicle newspaper business (one of the largest sales of CPC assets which was scheduled to close in 2000), had been challenged by the Justice Department and private parties on anti-trust grounds. At that time, the prospect was that if the pending Chronicle sale were to be blocked, those major assets might have to be sold to another buyer at a substantially reduced price, depending on market conditions and other unknown factors at the time of the new negotiation. Ultimately, the challenges were overcome, and in late June 2000, the sale of the Chronicle newspaper assets proceeded on the terms previously agreed.

1    (f)    From mid-1999 through early 2000, the Trustee of the family trusts in

2    consultation with Richard T. Thieriot and family professional advisors, considered methods for

3    reinvesting the CPC and AT&T proceeds.    A plan was initially adopted under which the

4    proceeds from the CPC sales and sales of AT&T stock would be contributed to a family

5    partnership or limited liability company for several business reasons.    A limited liability

6    company under the name of Parrott Enterprises, LLC was formed for these business purposes

7    and funded in 1999.

8    (g)    Beginning in late 1999 when the decision for selling CPC assets in pieces

9    over time was adopted, Richard T. Thieriot, the Trustee, and various Thieriot family professional

10    advisors considered hedging the value of CPC, the AT&T stock and the newly purchased

11    portfolio.  This consideration intensified as a result of the uncertainty arising from the challenge

12    of sale of the Chronicle newspaper assets.

13    (h)    The Thieriot family formed Parrott Enterprises, LLC to be owned by the

14    10 family Trusts and by JPTIG.    The partners of Parrott Enterprises include: JP Thieriot

15    Investment Group, LLC; RT Thieriot Children's Trust FBO JP Thieriot; RT Thieriot Children's

16    Trust FBO CDY Thieriot, RT Thieriot Children's Trust FBO RR Thieriot; RT Thieriot

17    Children's Trust FBO JJ Thieriot; Thieriot Family Irrevocable Trust FBO JJ Thieriot; Thieriot

18    Family Irrevocable Trust FBO SF Thieriot; Thieriot Family Irrevocable Trust FBO JP Thieriot;

19    Thieriot Family Irrevocable Trust FBO CDY Thieriot; Thieriot Family Irrevocable Trust FBO

20    RR Thieriot.  It was initially envisioned that, in the short term, this LLC would own investments

21    in large, publicly traded companies, or an index of such investments, depending on market

22    conditions at the time proceeds were available for reinvestment.

23    (i)    During 1999 and early 2000, the values of many Thieriot family

24    investments were very volatile.  AT&T stock, for example, dropped approximately 16% from

25    $25 million to $21 million in 1999.  By early March, 2000, Richard Thieriot, the Trustee, and the

26    remainder of the family were concerned that the value could erode even further given the peak of

27    the equities market at that time, the ever-narrowing sector of the equities market that show price

28    advances, the historically out-of-line P/E ratios, possible increases in interest rates, and

continued admonitions by Fed Chairman Greenspan and other market indicators.  The intense

concern over market conditions and valuations was exacerbated by the illiquid "holding pattern" in which the challenged Chronicle newspaper sale placed a large percentage of the Thieriot family wealth. Richard T. Thieriot and the Trustee therefore were desirous of hedging the Assets against a total collapse in the market value of this portion of the family's net worth.

(j)    Accordingly, after consultation with the family advisors including a prominent and nationally recognized accounting firm, the Trustee and Richard T. Thieriot sought to install a hedge, which would allow the Trusts and JPTIG, for a reasonable cost, to hedge against a total meltdown in value of CPC shares, AT&T stock, and any new portfolio investments. Based upon these business goals, the Thieriot family entered into separate and independent call options and transferred these independent properties to Parrott Enterprises, LLC according to those business goals.

(k)    The Thieriot family believed that in entering into the transactions that they had a reasonable opportunity to earn a profit, in excess of all fees and transaction costs from the transactions without regard to tax benefits, and also to hedge against a collapse in the value of the Thieriot family assets.

(l)    As a result of the bona fide business transactions, Parrott Enterprises, LLC did not generate additional dividend income of $119,700.00 and did not realize a net short-term gain of $204,284,115.00.

(m)    The Thieriot family was advised by its nationally recognized and qualified legal tax adviser that there was substantial authority for the tax positions taken on their tax returns. Moreover, the Thieriot family reasonably relied in good the faith on its nationally recognized and qualified tax professional that there was a greater than 50 percent likelihood that the tax treatment would be upheld if challenged by the IRS.

DATE: July 8, 2004

PRINTED ON RECYCLED PAPER

1       WHEREFORE, the Petitioner prays that this Court may try this case and determine that

2  the partnership administrative adjustments with respect to the Petitioner's 2000 partnership

3  return are erroneous, and give such other and further relief as the Court may deem fit and proper.

4

5  DATED: JULY 8, 2004

6

7                           By_____

8                           James Kleier (Tax Court No. KJ0610)

9                           Preston Gates & Ellis LLP
                              55 Second Street, Suite 1700

10                         San Francisco, CA  94105
                         (415) 882-8200

11

12                           By_____

13                         John Messenger (Tax Court No. MJ0911)
                           Preston Gates & Ellis LLP

14                         55 Second Street, Suite 1700
                         San Francisco, CA  94105

15                         (415) 882-8200

16

17                           By_____

18                         Brian Toman (Tax Court No. TB0099)
                         Preston Gates & Ellis LLP

19                         55 Second Street, Suite 1700
                         San Francisco, CA  94105
                         (415) 882-8200

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**Internal Revenue Service**
**SB/SE Division**

1301 Clay Street
Oakland, CA 94612

**Department of the Treasury**

Refer To:
    Lew/QMS/940S
Taxpayer Identifying Number:

Name of Partnership:
    Parrott Enterprises LLC
Partnership Identifying Number:
    94-3354253
Tax Year Ended:
    December 31, 2000
Date FPAA Mailed to Tax Matters Partner:

Date: ⌈APR 1 3 2004

Parrott Enterprises LLC
Attn:  Angelica R. Thieriot
        Tax Matters Partner
44 Montgomery Street, Suite 940
San Francisco, CA 94104

APR 1 3 2004

Person to Contact:
    Leo Lew 94-06153

Contact Hours:
    8:00 a.m. - 4:30 p.m.
Contact Telephone Number:
    510.637.3032

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

**Letter 1830 (DO) (Rev. 3-2001)**
Catalog Number 61242U

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

> **United States Tax Court**
> **400 Second Street, NW**
> **Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

**Letter 1830 (DO) (Rev. 3-2001)**
Catalog Number 61242U

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

## 3. If you do nothing:

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Emmett Hannifin
Technical Services Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

### FOR THE TAX MATTERS PARTNER OF THE  PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

Page    of

| Form **4605-A** | Department of the Treasury - Internal Revenue Service<br>**Examination Changes – Partnerships, Fiduciaries, Small Business Corporations, and<br>Domestic International Sales Corporations** |
|---|---|

| Name and Address of Taxpayer<br>Parrott Enterprises LLC<br>44 Montgomery Street, Suite 940<br>San Francisco, California 94104 | | Employer Identification Number (TIN)<br>94-3354253 | | Form Number:<br>1065 |
|---|---|---|---|---|
| | | Person<br>Examination<br>Changes<br>Were<br>Discussed<br>With | Name and Title:<br>John H. Mullen<br>Representative | |

| 1. Adjustments to ordinary, distributable net, or taxable income | Tax Period: 12/31/2000 | Tax Period: | Tax Period: |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| 2. Total adjustment to ordinary, distributable net, or taxable income | | | |
| 3. Ordinary, distributable net, or taxable income as reported | | | |
| 4. Corrected, ordinary, distributable net, or taxable income | | | |
| 5. Other adjustments | | | |
|   a. Portfolio income (loss) interest | | | |
|     (1) Adjustment | 0.00 | | |
|     (2) As reported | 1,360,209.00 | | |
|     (3) Corrected | 1,360,209.00 | | |
|   b. Portfolio income (loss) dividends | | | |
|     (1) Adjustment | 119,700.00 | | |
|     (2) As reported | 200,067.00 | | |
|     (3) Corrected | 319,767.00 | | |

**Remarks**

Item 5b. It is determined that you received total dividend income from Mellon Trust of California (EIN 04-3016590) in the amount of $319,767.00, but reported, on Form 1065, dividend income in the amount of $200,067.00. Accordingly, your taxable income is increased by $119,700.00.


Penalties: See attached Form 866-A for penalty discussion.

| Examiner's Signature:<br><br>Jay Cochran | Employee ID:<br><br>94-06321 | Office: | Date:<br><br>04/12/2004 |
|---|---|---|---|
| RGS Version 4.00.00 | | | Form 4605-A-CG |

Taxpayer:  Parrott Enterprises LLC
TIN:        94-3354253

Page        of

## Form 4605-A – Other Adjustments (Continued)

| | Tax Period: 12/31/2000 | Tax Period: | Tax Period: |
|---|---|---|---|
| c.  Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | 204,284,115.00 | | |
| (2) As reported | 0.00 | | |
| (3) Corrected | 204,284,115.00 | | |
| d.  Deductions related to portfolio income | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 9,027.00 | | |
| (3) Corrected | 9,027.00 | | |
| e.  Other deductions | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 1,600.00 | | |
| (3) Corrected | 1,600.00 | | |
| f.  Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 1,560,276.00 | | |
| (3) Corrected | 1,560,276.00 | | |
| g.  Investment expenses in deduct. related to portfolio income | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 9,027.00 | | |
| (3) Corrected | 9,027.00 | | |
| h.  Distributions - money (cash/securities) | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 26,030,151.00 | | |
| (3) Corrected | 26,030,151.00 | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

RGS Version  4.00.00

Form 4605-A-CG (continued)

Page ___ of ___

| Computer Generated Form 886-Z(C) | Department of the Treasury - Internal Revenue Service **Partner's or S Corporation Shareholders' Shares of Income** | | Schedule Number: 1065 |
|---|---|---|---|
| Name of Partnership or S Corporation: Parrott Enterprises LLC | | TIN of Partnership or S Corporation: 94-3354253 | Taxable Year Ended: 12/31/2000 |

| Name and Address of Partner or Shareholder: (1) | TIN of Partner or Shareholder: (2) | Percentage of Profit (3) | Portfolio income (loss) interest (4) | Portfolio income (loss) dividends (5) |
|---|---|---|---|---|
| JP Thieriot Investment Group LLC 212 Edgewood Avenue San Francisco, CA 94104 | 94-3328513 | 0.50000000% | 6,801.00 | 1,599.00 |
| RT Thieriot Children's Trust FBO JP Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94194 | 94-6723663 | 9.95000000% | 135,341.00 | 31,817.00 |
| Thieriot Children's Trust FBO SF Thieriot Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6723664 | 9.95000000% | 135,341.00 | 31,817.00 |
| RT Thieriot Children's Trust FBO CDY Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6723665 | 9.95000000% | 135,341.00 | 31,817.00 |
| RT Thieriot Children's Trust FBO RR Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6723666 | 9.95000000% | 135,341.00 | 31,817.00 |
| RT Thieriot Children's Trust FBO JJ Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6723667 | 9.95000000% | 135,341.00 | 31,817.00 |
| Thieriot Family Irrevocable Trust FBO JJ Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6751018 | 9.95000000% | 135,341.00 | 31,817.00 |
| **Totals** | | 60.20000000% | 818,847.00 | 192,501.00 |

Continuation

| Partner or Shareholder TIN (6) | Portfolio income (loss) net short-term gain (loss) (7) | Deductions related to portfolio income (8) | Other deductions (9) | Investment income included in portfolio income (10) | Investment expenses in deduct. related to portfolio income (11) |
|---|---|---|---|---|---|
| 94-3328513 | 1,021,421.00 | 45.00 | 8.00 | 7,801.00 | 45.00 |
| 94-6723663 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| 94-6723664 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| 94-6723665 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| 94-6723666 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| 94-6723667 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| 94-6751018 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| **Totals** | 122,979,035.00 | 5,433.00 | 962.00 | 939,283.00 | 5,433.00 |

RGS Version  4.00.00          Date Tax Computation Last Generated   04/12/2004          Form 886-Z(C)-CG

Penalties: See attached Form 866-A for penalty discussion.

| Computer Generated<br>Form 886-Z(C) | Department of the Treasury - Internal Revenue Service<br>**Partner's or S Corporation Shareholders' Shares of Income** | | Page    of<br>Schedule Number:<br>1065 |
|---|---|---|---|

| Name of Partnership or S Corporation:<br>Parrott Enterprises LLC | TIN of Partnership or<br>S Corporation:<br>94-3354253 | Taxable Year<br>Ended:<br>12/31/2000 |
|---|---|---|

| Name and Address of Partner<br>or<br>Shareholder:<br>(1) | TIN of Partner<br>or<br>Shareholder:<br>(2) | Percentage<br>of<br>Profit<br>(3) | Portfolio income<br>(loss) interest<br>(4) | Portfolio income (loss)<br>dividends<br>(5) |
|---|---|---|---|---|
| Thieriot Family Irrevocable Trust FBO SF Thieriot<br>44 Montgomery Street, Suite 940<br>San Francisco, CA 94104 | 94-6751259 | 9.95000000% | 135,341.00 | 31,817.00 |
| Thieriot Family Irrevocable Trust FBO JP Thieriot<br>44 Montgomery Street, Suite 940<br>San Francisco, CA 94104 | 94-6751261 | 9.95000000% | 135,341.00 | 31,817.00 |
| Thieriot Family Irrevocable Trust FBO CDY Thieriot<br>Montgomery Street, Suite 940<br>San Francisco, CA 94104 | 94-6754059 | 9.95000000% | 135,341.00 | 31,817.00 |
| Thieriot Family Irrevocable Trust FBO RR Thieriot<br>44 Montgomery Street, Suite 940<br>San Francisco, CA 94104 | 94-6754060 | 9.95000000% | 135,341.00 | 31,817.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Totals** | | 100.00000000% | 1,360,211.00 | 319,769.00 |

### Continuation

| Partner<br>or<br>Shareholder<br>TIN<br>(6) | Portfolio income (loss)<br>net short-term gain<br>(loss)<br>(7) | Deductions related to<br>portfolio income<br>(8) | Other deductions<br>(9) | Investment income<br>included in portfolio<br>income<br>(10) | Investment expenses<br>in deduct. related to<br>portfolio income<br>(11) |
|---|---|---|---|---|---|
| 94-6751259 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| 94-6751261 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| 94-6754059 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| 94-6754060 | 20,326,269.00 | 898.00 | 159.00 | 155,247.00 | 898.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| **Totals** | 204,284,111.00 | 9,025.00 | 1,598.00 | 1,560,271.00 | 9,025.00 |

RGS Version  4.00.00        Date Tax Computation Last Generated   04/12/2004        Form 886-Z(C)-CG

Penalties: See attached Form 866-A for penalty discussion.

Page ___ of ___

| Computer Generated Form 886-Z(C) | Department of the Treasury - Internal Revenue Service **Partner's or S Corporation Shareholders' Shares of Income** | Schedule Number: 1065 |
|---|---|---|

| Name of Partnership or S Corporation: Parrott Enterprises LLC | TIN of Partnership or S Corporation: 94-3354253 | Taxable Year Ended: 12/31/2000 |
|---|---|---|

| Name and Address of Partner or Shareholder: (1) | TIN of Partner or Shareholder: (2) | Percentage of Profit (3) | Distributions - money (cash/securities) (4) | (5) |
|---|---|---|---|---|
| JP Thieriot Investment Group LLC 212 Edgewood Avenue San Francisco, CA 94104 | 94-3328513 | 0.50000000% | 130,151.00 | |
| RT Thieriot Children's Trust FBO JP Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94194 | 94-6723663 | 9.95000000% | 2,590,000.00 | |
| T Thieriot Children's Trust FBO SF Thieriot Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6723664 | 9.95000000% | 2,590,000.00 | |
| RT Thieriot Children's Trust FBO CDY Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6723665 | 9.95000000% | 2,590,000.00 | |
| RT Thieriot Children's Trust FBO RR Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6723666 | 9.95000000% | 2,590,000.00 | |
| RT Thieriot Children's Trust FBO JJ Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6723667 | 9.95000000% | 2,590,000.00 | |
| Thieriot Family Irrevocable Trust FBO JJ Thieriot 44 Montgomery Street, Suite 940 San Francisco, CA 94104 | 94-6751018 | 9.95000000% | 2,590,000.00 | |
| **Totals** | | 60.20000000% | 15,670,151.00 | |

**Continuation**

| Partner or Shareholder TIN (6) | (7) | (8) | (9) | (10) | (11) |
|---|---|---|---|---|---|
| 94-3328513 | | | | | |
| 94-6723663 | | | | | |
| 94-6723664 | | | | | |
| 94-6723665 | | | | | |
| 94-6723666 | | | | | |
| 94-6723667 | | | | | |
| 94-6751018 | | | | | |
| **Totals** | | | | | |

RGS Version 4.00.00     Date Tax Computation Last Generated  04/12/2004     Form 886-Z(C)-CG

Penalties: See attached Form 866-A for penalty discussion.

| Computer Generated<br>Form 886-Z(C) | Department of the Treasury - Internal Revenue Service<br>**Partner's or S Corporation Shareholders' Shares of Income** | | Page       of<br>Schedule Number:<br>1065 |
|---|---|---|---|
| Name of Partnership or S Corporation:<br><br>Parrott Enterprises LLC | | TIN of Partnership or<br>S Corporation:<br><br>94-3354253 | Taxable Year<br>Ended:<br><br>12/31/2000 |

| Name and Address of Partner<br>or<br>Shareholder:<br>(1) | TIN of Partner<br>or<br>Shareholder:<br>(2) | Percentage<br>of<br>Profit<br>(3) | Distributions -<br>money<br>(cash/securities)<br>(4) | (5) |
|---|---|---|---|---|
| Thieriot Family Irrevocable Trust FBO SF Thieriot<br>44 Montgomery Street, Suite 940<br><br>San Francisco, CA 94104 | 94-6751259 | 9.95000000% | 2,590,000.00 | |
| Thieriot Family Irrevocable Trust FBO JP Thieriot<br>44 Montgomery Street, Suite 940<br><br>San Francisco, CA 94104 | 94-6751261 | 9.95000000% | 2,590,000.00 | |
| ieriot Family Irrevocable Trust FBO CDY Thieriot<br>Montgomery Street, Suite 940<br><br>San Francisco, CA 94104 | 94-6754059 | 9.95000000% | 2,590,000.00 | |
| Thieriot Family Irrevocable Trust FBO RR Thieriot<br>44 Montgomery Street, Suite 940<br><br>San Francisco, CA 94104 | 94-6754060 | 9.95000000% | 2,590,000.00 | |
| | | | | |
| | | | | |
| | | | | |
| **Totals** | | 100.00000000% | 26,030,151.00 | |

**Continuation**

| Partner<br>or<br>Shareholder<br>TIN<br>(6) | (7) | (8) | (9) | (10) | (11) |
|---|---|---|---|---|---|
| 94-6751259 | | | | | |
| 94-6751261 | | | | | |
| 94-6754059 | | | | | |
| 94-6754060 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| **Totals** | | | | | |

| RGS Version  4.00.00 | Date Tax Computation Last Generated  04/12/2004 | Form 886-Z(C)-CG |
|---|---|---|

Penalties: See attached Form 866-A for penalty discussion.

| Form **886-A** (Rev. January 1994) | **EXPLANATIONS OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br><br>Parrott Enterprises LLC | Tax Identification Number<br><br>94-3354253 | Year/Period ended<br><br>12/31/2000 |

1. It is determined that Parrott Enterprises, LLC was a sham, lacked economic substance, and, under § 1.701-2 of the Treasury Regulations, was formed or availed of in connection with a transaction or transactions in the taxable year 2000, a principal purpose of which was to reduce substantially the present value of the partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. It is consequently determined that:

a. Parrott Enterprises, LLC should be disregarded in whole or in part, and Parrott Enterprises, LLC's assets and activities should be considered, in whole or in part, to be owned and conducted, respectively, by its partners: Richard T. Thieriot Children's Trust fbo J.P. Thieriot, Richard T. Thieriot Children's Trust fbo J.J. Thieriot, Richard T. Thieriot Children's Trust fbo R.R. Thieriot, Richard T. Thieriot Children's Trust fbo S.F. Thieriot, Richard T. Thieriot Children's Trust fbo CDY Thieriot, Thieriot Family Irrevocable Trust fbo CDY Thieriot, Thieriot Family Irrevocable Trust fbo J.J. Thieriot, Thieriot Family Irrevocable Trust fbo J.P. Thieriot, Thieriot Family Irrevocable Trust fbo R.R. Thieriot, Thieriot Family Irrevocable Trust fbo S.F. Thieriot, and J.P. Thieriot Investment Group, LLC;

b. The purported partners of Parrott Enterprises, LLC, Richard T. Thieriot Children's Trust fbo J.P. Thieriot, Richard T. Thieriot Children's Trust fbo J.J. Thieriot, Richard T. Thieriot Children's Trust fbo R.R. Thieriot, Richard T. Thieriot Children's Trust fbo S.F. Thieriot, Richard T. Thieriot Children's Trust fbo CDY Thieriot, Thieriot Family Irrevocable Trust fbo CDY Thieriot, Thieriot Family Irrevocable Trust fbo J.J. Thieriot, Thieriot Family Irrevocable Trust fbo J.P. Thieriot, Thieriot Family Irrevocable Trust fbo R.R. Thieriot, Thieriot Family Irrevocable Trust fbo S.F. Thieriot, and J.P. Thieriot Investment Group, LLC, should not be treated as partners;

c. Any contributions, including call options and zero coupon notes, purportedly contributed to or assumed by Parrott Enterprises, LLC, are treated as never having been contributed to or assumed by Parrott Enterprises, LLC, and any gains or losses purportedly realized by Parrott Enterprises, LLC on the contributions, including call options and zero coupon notes, are treated as having been realized by the purported partners; and/or

d. The bases of the contributions to Parrott Enterprises, LLC, including call options and zero coupon notes, should be adjusted or modified to reflect clearly the purported partners' or partnership's income.

Even if the partnership were respected for purposes of Subchapter K of the Internal Revenue Code and found not to constitute a sham:

2. It is determined that the $143,700,000 in short positions (written call options) transferred to Parrott Enterprises, LLC constitute liabilities for purposes of I.R.C. § 752 the assumption of which by Parrott Enterprises, LLC shall be considered as a distribution of money to the partners Richard T. Thieriot Children's Trust fbo J.P. Thieriot, Richard T. Thieriot Children's Trust fbo J.J. Thieriot, Richard T. Thieriot Children's Trust fbo R.R. Thieriot, Richard T. Thieriot Children's Trust fbo S.F. Thieriot, Richard T. Thieriot Children's Trust fbo CDY Thieriot, Thieriot Family Irrevocable Trust fbo CDY Thieriot, Thieriot Family Irrevocable Trust fbo J.J. Thieriot, Thieriot Family Irrevocable Trust fbo J.P. Thieriot, Thieriot Family Irrevocable Trust fbo R.R. Thieriot, Thieriot Family Irrevocable Trust fbo S.F. Thieriot, and J.P. Thieriot Investment Group, LLC in the amounts of $14,295,000, $14,295,000, $14,295,000, $14,295,000, $14,295,000, $14,295,000, $14,295,000, $14,295,000, $14,295,000, $14,295,000, and $750,000, respectively, and the bases in the partnership of the purported partners shall be reduced, but not below zero, by the amount of money considered to be distributed to the partners by virtue of Parrott Enterprises, LLC's assumption of the partners' liabilities.

3. It is determined that the adjusted bases of the long call positions (purchased call options), zero coupon notes, and other contributions purportedly contributed by the partners to Parrott Enterprises, LLC has not been established under I.R.C. § 723. It is consequently determined that the partners of Parrott Enterprises, LLC have not established adjusted bases in their respective partnership interests in an amount greater than zero (-0-).

4. It is further determined that, in the case of a sale, exchange, or liquidation of Parrott Enterprises, LLC's partners' partnership interests, you have failed to establish that the bases of the partners' partnership interests were greater than zero for purposes of determining gain or loss to such partners from the sale, exchange, or liquidation of such partnership interest.

5. Further, you have not established adequate bases in the call options and zero coupon notes in an amount greater than zero (-0-). Accordingly, it is determined that Parrott Enterprises, LLC realized a gain in the amount of $204,284,115 from the sale of the call options and zero coupon notes.

| Form **886-A**<br>(Rev. January 1994) | EXPLANATIONS OF ITEMS | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br><br>Parrott Enterprises LLC | Tax Identification Number<br><br>94-3354253 | Year/Period ended<br><br>12/31/2000 |

6. You have not established that the call option and zero coupon note positions entered into by the partners of Parrott Enterprises, LLC and contributed by them to Parrott Enterprises, LLC were entered into for profit, accordingly, it is determined that any losses realized by Parrott Enterprises, LLC from the sale, expiration, or other disposition of the contributed call option and zero coupon note positions shall not be treated as losses incurred in a transaction entered into for profit.

7. It is determined that Parrott Enterprises, LLC's partners lacked the requisite profit intent and their activities and investment in the partnership lacked the requisite economic substance in order to allow deductions arising from or related to their investment in Parrott Enterprises, LLC or its activities.

8. Accuracy-Related Penalties

It is determined that the adjustments of partnership items of Parrott Enterprises, LLC are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by Parrott Enterprises, LLC or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from those adjustments of partnership items are attributale to, at a minimum, (1) substantial understatements of income tax, (2) gross valuation misstatement(s), or (3) negligence or disregard of rules or regulations. There has not been a showing by Parrott Enterprises, LLC or any of its partners that there was reasonable cause for any of the resulting underpayments, that Parrott Enterprises, LLC or any of its partners acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the Accuracy-Related Penalty under Section 6662(a) of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of Parrott Enterprises, LLC. The penalty shall be imposed on the components of underpayment as follows:

a. a 40 percent penalty shall be imposed on the portion of any undrpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.
b. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), and 6662(c) of the Internal Revenue Code.
c. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by Sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.
d. a 20 percent penalty shall be imposed on the underpayment attributable to the substanial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy-Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under Internal Revenue Code Sections 7201, 7206, or other provisions of federal law if determined to be appropriate.