UNITED STATES TAX COURT
WASHINGTON, D.C. 20217

PARROTT ENTERPRISES, LLC,         )
ANGELICA THIERIOT,                )
TAX MATTERS PARTNER,              )
                                  )
          Petitioner              )
                                  )
     v.                           )   Docket No. 11930-04
                                  )
COMMISSIONER OF                   )
INTERNAL REVENUE,                 )
                                  )
          Respondent              )

O R D E R

    This matter is before us on respondent's motion to compel the further deposition of, and production of documents by, Jeffrey B. Detwiler, filed June 23, 2006. On May 9, 2006, a deposition of Mr. Detwiler was conducted by respondent, at which deposition many documents were produced but also at which many documents were withheld on the grounds of attorney-client privilege.

    Respondent now moves for an order requiring Mr. Detwiler to submit to an additional deposition, to produce at the deposition the documents previously withheld, and to answer questions relating thereto.

    The underlying tax issues in this case involve tax shelter options transactions sold to the investing public with the active participation of the law firm of Brown & Wood and the accounting firm of Arthur Anderson. Mr. Detwiler of the California law firm of Dudnick, Detwiler, Rivin & Stikker provided advice to petitioner in connection with the options transactions petitioner entered into.

    Petitioner has expressly made the reliance on counsel argument a key part of its defense to the penalties and additions to tax at issue in this case.

    Court opinions make it clear that the attorney-client privilege may be considered to be waived where a party affirmatively raises an issue which inherently and necessarily involves material otherwise protected by the privilege. <u>Ideal Electronic Sec. Co., Inc. v. Intl. Fidelity Ins. Co.</u>, 129 F.3d

SERVED   NOV - 2 2006

-2-

143, 151-152 (D.C. Cir. 1997); <u>Minebea Co., Ltd. v. Papst</u>, 355 F. Supp. 2d 518, 522-523 (D.D.C. 2005); <u>In re G-I Holdings Inc.</u>, 218 F.R.D. 428, 431-434 (D.N.J. 2003).

    Our ability herein to decide the issue as to petitioner's claimed good faith reliance on counsel in entering into the transactions before us significantly depends on, among other things, the specifics of all of the information and communications provided (1) by petitioner to its counsel, (2) by counsel to petitioner, (3) by Brown & Wood, (4) by Arthur Anderson, and (5) by other advisers, promoters, and participants, in the underlying transactions petitioner entered into.

    In this case, petitioner's claim that it relied in good faith on counsel opens the door to discovery of what otherwise might be regarded as confidential and protected attorney-client material. See, <u>Johnston v. Commissioner</u>, 119 T.C. 27, 40-41 (2002); <u>Bernardo v. Commissioner</u>, 104 T.C. 677, 690-691 (1995); <u>Hartz Mountain Industries, Inc. v. Commissioner</u>, 93 T.C. 521, 524-526 (1989); <u>In re G-I Holdings Inc.</u>, <u>supra</u> at 437-438; <u>United States v. Exxon Corp.</u>, 94 F.R.D. 246, 249-250 (D.D.C. 1981).

    Additionally, petitioner already has provided to respondent's counsel portions of a number of what generally, in other situations, might constitute attorney-client documents (for example, letters dated July 17, 2000, February 23, 2001, and October 31, 2001). This production to respondent's counsel precludes petitioner from now selectively asserting the attorney-client privilege with regard to other portions of the same documents and with regard to other similar documents. As explained in <u>In re Sealed Case</u>, 676 F.2d 793, 818 (D.C. Cir. 1982):

> When a party reveals part of a privileged communication in order to gain an advantage in litigation, it waives the privilege as to all other communications relating to the same subject matter because "the privilege of secret consultation is intended only as an incidental means of defense and not as an independent means of attack, and to use it in the latter character is to abandon it in the former." [Quoting 8 J. Wigmore, Evidence in Trials at Common Law, sec. 2327 at 638 (J. McNaughton rev. 1961).]

See also <u>Johnston v. Commissioner</u>, <u>supra</u>.

    Petitioner claims that the documents that already have been produced are not related to the withheld documents and therefore

- 3 -

that the withheld documents still should be regarded as protected by the attorney-client privilege.

We disagree. As identified in petitioner's privilege log, it appears that all of the withheld documents relate closely to and indeed are intimately involved with petitioner's decision and with the implementation of petitioner's decision to invest in the options transactions at issue herein.

Further, the privilege log submitted by petitioner shows that many of the withheld documents already have been provided to third parties not within the scope of petitioner's attorney-client relationship and therefore no longer covered by any such privilege. See In re Sealed Case, supra at 809; Bernardo v. Commissioner, supra at 684-685. For example, many of the withheld documents were sent to the Arthur Andersen accounting firm, and the record before us does not establish that the role of the Arthur Anderson accounting firm vis-a-vis petitioner and the underlying transactions constituted that of a Kovel accountant. See United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961). Indeed, the role of Arthur Andersen appears to have been more that of a promoter and syndicator of the underlying tax shelter, not that of an independent, confidential adviser to petitioner or to petitioner's counsel. See United States v. Ackert, 169 F. 3d 136, 139-140 (2d Cir. 1999).

For the reasons stated, it is

ORDERED that Respondent's Motion to Compel the Deposition of Witness Jeffrey B. Detwiler filed June 23, 2006, is granted. It is further

ORDERED that Mr. Detwiler shall submit to the deposition at a time and place mutually agreed upon by the parties. If no agreement is reached by the parties as to the time and place for the deposition, the parties shall, no later than November 30, 2006, initiate a conference call with the Court. It is further

ORDERED that Mr. Detwiler shall produce at the deposition, and shall respond to questions relating to, the withheld documents.

Stephen J. Swift
Judge

DATED: Washington, D.C.
       October 31, 2006