# Banque AIG

London Branch
5th Floor, One Curzon Street, London W1Y 7FN
Tel: 020 7659 7000  Fax: 020 7659 7200
and 020 7665 8700  and 020 7665 8850

Regulated by the SFA

| | |
|---|---|
| DATE: | March 14, 2000 |
| TO: | RICHARD T. THIERIOT, AUTHORIZED MEMBER FOR<br>The J.P. Thieriot Investment Group, LLC<br>c/o Jeffrey B. Detwiler<br>Dudnick Detwiler Rivin & Stikker LLP<br>351 California Street, 15th floor<br>San Francisco, CA 94104<br>TEL: 415-955-1802<br>FAX: 415-982-1401 |
| CC: | ARTHUR ANDERSEN LLP<br>Kenneth A. Mandel |
| CC: | AIG FINANCIAL SECURITIES CORP.<br>Kurt Nelson |
| FROM: | BANQUE AIG, LONDON BRANCH |
| SUBJECT: | SHARE OPTION TRANSACTION II (Trust Call) |

Dear Mr. Thieriot:

The purpose of this letter agreement is to set forth the terms and conditions of the share option transaction entered into on the Trade Date referred to below (the "Option Transactions") between Banque AIG, London Branch ("Banque AIG") (guaranteed by American International Group, Inc. ("AIG")) and The J.P. Thieriot Investment Group, LLC, acting through Richard T. Thieriot as Authorized Member ("Counterparty"). We are treating Counterparty for the purposes of the rules of the Securities and Futures Authority as a Non-Private Customer. The time at which this Swap Transaction was entered into is available on request. If you have any queries in connection with this Swap Transaction please contact Legal Counsel, Banque AIG, London Branch. This letter agreement constitutes a "Confirmation" as referred to in the Master Agreement specified below.

1. This Confirmation is subject to and incorporates the 1991 ISDA Definitions and the 1996 ISDA Equity Derivatives Definitions, each published by the International Swaps and Derivatives Association, Inc. (the "Definitions"). This Confirmation supplements, forms a part of and is subject to the ISDA Master Agreement dated as of March 14, 2000 between Banque AIG, London Branch and Counterparty that (i) incorporates the Definitions (whether directly or by means of this Confirmation) and (ii) sets forth general terms and conditions applicable to interest rate swap transactions between us (the "Master Agreement"). All provisions contained in, or incorporated by reference to, such Master Agreement shall govern this Confirmation except as expressly modified below.

2. The terms of the particular Option Transactions to which this Confirmation relates are as follows:

General Terms:

| | |
|---|---|
| Trade Date: | March 14, 2000. |
| Option Style: | European. |

I:\2000.dir\mar00.dir\banqlond.dir\J.P.ThieriotInvestmentTrstCal2_(14).doc
Call II

| | |
|---|---|
| Option Type: | Call. |
| Seller: | Banque AIG. |
| Buyer: | Counterparty. |
| Basket: | As specified in Annex 1. |
| Number of Options: | One (1) Option. |
| Option Entitlement: | One (1) Basket per Option. |
| Strike Price: | 70.0 % of the Initial Basket Price. |
| Premium: | $466,650.00. |
| Premium Payment Date: | March 14, 2000. |
| Initial Basket Price: | $1,484,914.00, being the sum of the Initial Component Share Prices. |
| | For each Share or Unit in the case of the Standard & Poor's 500 Index in the Basket, the "Initial Component Share Price" shall mean the product of (i) the number of such Shares or Units comprised in the Basket as specified in Annex 1 times (ii) the Initial Price for such Shares or Units as provided in Annex 1. |
| Exchange: | As specified in Annex 1. |
| Related Exchange(s): | As specified in Annex 1. |
| Procedure for Exercise: | |
| Expiration Time: | The official closing time at which the relevant Exchanges close (without regard to any extended trading hours). |
| Expiration Date: | June 14, 2000 or if such day is not an Exchange Business Day, the next following Exchange Business Day. |
| Automatic Exercise: | Applicable. |
| Seller's Telephone Number and Telex and/or Facsimile Number and Contact Details for Purpose of Giving Notice: | As indicated on the first page of this confirmation. |
| Valuation: | |
| Valuation Time: | For each Share, the close of trading on the relevant Exchanges. |
| Valuation Date: | The Expiration Date. |

| | |
|---|---|
| Averaging Dates: | In relation to each Share, each of the Exchange Business Days from and including March 14, 2000 through and including the Valuation Date. |
| Averaging Date Market Disruption: | Modified Postponement. |

Settlement Terms:

| | |
|---|---|
| Cash Settlement: | Applicable. |
| Settlement Price: | The Settlement Price shall be equal to the sum of the final values of the Shares or Units comprised in the Basket, such final values determined for each Share as the product of (x) the arithmetic mean of the Relevant Prices for such Share or Unit on each Averaging Date and (y) the number of such Shares or Units comprised in the Basket, in each case as provided in Annex 1, where the "Relevant Price" in respect of any Share or Unit on any Averaging Date shall equal the closing price for such Share if traded on the New York Stock Exchange and shall equal the closing ask price for such Share if traded on NASDAQ NMS and in respect of the Standard & Poor's 500 Index shall be the closing level of the Index. |
| Cash Settlement Amount: | The Number of Options multiplied by the Option Entitlement multiplied by the Strike Price Differential. |
| Strike Price Differential: | The greater of (a) the excess of the Settlement Price over the Strike Price, and (b) zero. |
| Cash Settlement Payment Date: | One Currency Business Days after the Valuation Date. |

Adjustments:

| | |
|---|---|
| Method of Adjustment: | Calculation Agent Adjustment. |

Extraordinary Events:

Consequences of Merger Events:

| | |
|---|---|
| (a) Share-for-Share: | Cancellation and Payment; provided that, if so requested by Counterparty not later than the fifth Exchange Business Day following the Announcement Date, Banque AIG will propose, in its good faith discretion, terms upon which it would accept a revision of the terms of the Option Transaction to permit the Option Transaction to continue in respect of the New Shares to be received as a consequence of the Merger Event, and if Counterparty accepts such terms not later than three Exchange Business Days prior to the Merger Date, the Option Transaction shall continue as so revised. |

|  |  |
|---|---|
| (b) Share-for-Other: | Cancellation and Payment. |
| (c) Share-for-Combined: | Cancellation and Payment; provided that, if so requested by Counterparty not later than the fifth Exchange Business Day following the Announcement Date, Banque AIG will propose, in its good faith discretion, terms upon which it would accept a revision of the terms of the Option Transaction to permit the Option Transaction to continue in respect of the New Shares to be received as a consequence of the Merger Event (including terms addressing Other Consideration to be received as a consequence of the Merger Event), and if Counterparty accepts such terms not later than three Exchange Business Days prior to the Merger Date, the Option Transaction shall continue as so revised. |
| Nationalization or Insolvency: | Cancellation and Payment. |
| Counterparty Acknowledgment: | Counterparty represents that it has sufficient experience and understanding to waive the protections provided for private customers under the rules of The Securities and Futures Authority, and acknowledges receipt of the letter and notice attached hereto. |
| Currency Business Days: | New York. |
| Calculation Agent: | Banque AIG. |
| Governing Law: | New York. |
| Documentation: | The Master Agreement. |
| Credit Support Documents: | The Guarantee of AIG provided by Banque AIG, and the Pledge Agreement provided by Counterparty. |
| Payment Instructions for Banque AIG: | Bank of New York, New York<br>ABA 021000018<br>SWIFT IRVTUS3N<br>A/C Banque AIG, London Branch<br>A/C 8900416343 |
| Banque AIG Settlements: | Carmine Paradiso/Sabrina Jaques<br>Westport, Connecticut<br>Tel:  (203) 221-4805<br>Fax:  (203) 222-4780 |

3.  Please confirm that the foregoing correctly sets forth the terms of our agreement with respect to the Option Transaction by signing in the space provided below and returning a copy of the executed Confirmation to Jake Sun, Counsel, Banque AIG, London Branch.

It has been a pleasure working with you on this transaction, and we look forward to working with you again in the future.

Yours sincerely,
Banque AIG, London Branch

By: *[signature: Paul Campbell]*
Name:   PAUL W. CAMPBELL
Title:   EXECUTIVE DIRECTOR

Call II

Agreed and accepted by:

J.P. THIERIOT INVESTMENT GROUP, LLC

By: _____
~~Juan Pablo Thieriot, Manager~~
RICHARD T. THIERIOT, AUTHORIZED MEMBER

Call II

## Basket II

### Shares or Units comprised in the Basket

The Basket is composed of the specified Shares of the Issuers or Indices listed below in the relative proportions and numbers set out in relation to each Issuer or Index below.

| Index / Issuer | CUSIP | Number of Units / Shares | Initial Price | Exchange | Related Exchange |
|---|---|---|---|---|---|
| Standard & Poor's 500 Index | N/A | 482.944 | 1383.62 | NYSE, AMEX, NASDAQ | AMEX |
| Emmis Communications Corporation | 291525103 | 1,458.863 | 35.625 | NASDAQ | AMEX |
| Chris-Craft Industries, Inc. | 170520100 | 812.062 | 64 | NYSE | AMEX |
| Cox Communications, Inc. | 224044107 | 1,226.478 | 42.375 | NYSE | CBOE |
| CBS Corporation | 12490K107 | 937.488 | 55.4375 | NYSE | AMEX |
| Viacom Inc. | 925524100 | 993.491 | 52.3125 | NYSE | PHLX |
| Univision Communications Inc. | 914906102 | 547.074 | 95 | NYSE | AMEX |
| Clear Channel Communications, Inc. | 184502102 | 838.258 | 62 | NYSE | CBOE |
| Cablevision Systems Corporation | 12686C109 | 911.789 | 57 | NYSE | PHLX |
| MediaOne Group, Inc. | 58440J104 | 678.818 | 76.5625 | NYSE | AMEX |
| Gannett Co., Inc. | 364730101 | 787.454 | 66 | NYSE | PSE |
| Jefferson-Pilot Corporation | 475070108 | 840.121 | 50.5 | NYSE | AMEX |
| Time Warner Inc. | 887315109 | 490.475 | 86.5 | NYSE | PHLX |
| Knight-Ridder, Inc. | 499040103 | 893.181 | 47.5 | NYSE | PHLX |
| Dow Jones & Company, Inc. | 260561105 | 639.188 | 66.375 | NYSE | PHLX |
| The McGraw-Hill Companies, Inc. | 580645109 | 927.347 | 45.75 | NYSE | PHLX |
| Tribune Company | 896047107 | 1,376.912 | 30.8125 | NYSE | CBOE |
| The New York Times Company | 650111107 | 1,031.638 | 41.125 | NYSE | PSE |

March 14, 2000

Dear Mr. Thieriot, as Manager:

REGULATORY REQUIREMENTS

We are required by our UK regulator, the Securities and Futures Authority, to comply with certain rules and procedures in relation to customers who are private individuals such as yourself. However, these requirements are not necessary in the following circumstances:

    a.    if we believe on reasonable grounds that you have sufficient experience and understanding to waive the protections provided for private customers;

    b.    if we have given clear written warning to you of the regulatory protections which you will lose; and

    c.    if you have given your written consent after a proper opportunity to consider that warning, or (since you are ordinarily resident outside the UK), we believe on reasonable grounds that you do not wish to consent in writing.

From information that we have received from our affiliate AIG Finance Securities Corp., and from investigations carried out by them, we believe that you have sufficient experience and understanding for the above waivers to be relevant.

We attach, therefore, a notice which we would like you to consider. If you agree with its terms, please will you sign and return the notice to us immediately. We advise you to take English legal advice if you are in any doubt as to the position. Although, as you can see from requirement (c), we are not necessarily obliged to obtain your written consent if you indicate that you do not wish us to do so, we would like to do so for the avoidance of any doubt.

Yours sincerely,

Banque AIG, London Branch

By: _____
Name:    **PAUL W. CAMPBELL**
Title:      **EXECUTIVE DIRECTOR**

## Notice of Treatment as a Non-Private Customer

On the information you have given to us and our affiliate, AIG Financial Securities Corp., we have categorized you as a non-private customer by reason of your experience and understanding in relation to equity options transactions.

As a consequence of this categorization, you will lose the protections afforded to private customers under the rules of The Securities and Futures Authority. In particular, the protection in the following areas will not apply.

a. Risk Warnings

We will not be obligated to warn you of the nature of any risks involved in any transactions we recommend to you or provide you with written risk warnings in relation to transactions in derivatives and warrants.

b. Customers Agreements

We will be under no obligation to set out in writing the basis on which the services are provided.

c. Suitability

When making any recommendations to you, we will assume that you are in position to judge the suitability of any advice given. The protections of the rules on giving suitable advice will not apply.

Please note that your rights to sue Banque AIG London Branch for damages under section 62 of the Financial Services Act 1986 will be restricted as you will only be able to sue for breaches of obligations owed to you which will not include the private customer protection outlined above.

You will also lose the right of access to the Consumer Arbitration Scheme of The Securities and Futures Authority.

If you have any questions on this notice or require any further information, please contact us.

Banque AIG London Branch

I/We have read and understood the notice and consent to be treated as a "non private customer".

Signature of customer(s) _____
J.P. Thieriot Investment Group, LLC
by Juan Pablo Thieriot, Manager

Date: March 14, 2000