NICOLLE L. JACOBY (admitted *pro hac vice*)
nicolle.jacoby@dechert.com
OLIVIER P. STRAUCH (admitted *pro hac vice*)
olivier.strauch@dechert.com
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112-2200
Telephone: 212.698.3500
Facsimile: 212.698.3599

H. JOSEPH ESCHER III (No. 85551)
h.joseph.escher@dechert.com
FRANCE JAFFE (No. 217471)
france.jaffe@dechert.com
DECHERT LLP
One Maritime Plaza
Suite 2300
San Francisco, CA 94111-3513
Telephone: 415.262.4500
Facsimile: 415.262.4555

Attorneys for Defendants
AIG MATCHED FUNDING CORP.,
AIG FINANCIAL SECURITIES CORP.,
AIG FINANCIAL PRODUCTS CORP.,
AMERICAN INTERNATIONAL GROUP, INC.,
and BANQUE AIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD T. THIERIOT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AIG MATCHED FUNDING CORP., et al.,<br><br>　　　　Defendants. | Case No. C-07-05069 JW RS<br><br>Action Filed: October 2, 2007<br><br>DEFENDANTS' MOTION TO CHANGE TIME RE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES<br>(N.D. Cal. Civ. L.R. 6-1(b), 6-3, 16-2(d))<br><br>Dep't:　Courtroom 8, 4th Floor<br>Judge:　Honorable James Ware |

1    Defendants AIG Matched Funding Corp. ("AIG-MF"), AIG Financial Securities
2  Corp. ("AIG-FS"), AIG Financial Products Corp. ("AIG-FP"), and American
3  International Group, Inc. ("AIG, Inc."), and Banque AIG ("Banque") (collectively,
4  "Defendants" or "AIG"), hereby request, pursuant to Northern District of California Civil
5  Local Rules 6-1(b), 6-3 and 16-2(d) and this Court's Order Setting Initial Case
6  Management Conference and ADR Deadlines (as modified on January 8, 2008), an order
7  continuing the initial case management conference in this case and any associated
8  deadlines for approximately two months, or until such a time as this Court has ruled upon
9  Defendants' motion to dismiss plaintiff Richard T. Thieriot's ("Plaintiff's") claims.

10   Defendants moved to dismiss Plaintiff's claims on a number of grounds, including
11  that his fraud, unfair competition law and unjust enrichment claims all were time-barred
12  by the applicable statutes of limitation.  *See generally* Docket No. 13.  In that motion,
13  Defendants referred to and attached copies of Plaintiff's Petition for Redetermination,
14  which asked the U.S. Tax Court to reverse the Internal Revenue Service's decision to
15  disallow the tax benefits Plaintiff claimed for the March 2000 transactions that underlie
16  his complaint in this action.  *See* Docket No. 14 (Request for Judicial Notice in Support of
17  Motion to Dismiss) Ex. 1.  Plaintiff's U.S. Tax Court pleadings establish that at the very
18  latest, the applicable statutes of limitation on his claims began running before July 8,
19  2004, and that all of his claims are time-barred.  Defendants also moved to dismiss the
20  three claims on other substantive grounds.  Defendants noticed their motion for the first
21  available hearing date of April 7, 2008.

22   Because the initial case management conference (along with the associated
23  deadlines for meeting and conferring regarding initial disclosures, for exchanging initial
24  disclosures and for filing the joint case management statement) was set to occur before the
25  April 7, 2008 hearing, Defendants met and conferred with Plaintiff's counsel to seek a
26  stipulated request to continue the initial case management conference and associated
27  deadlines until the motion to dismiss had been decided.  *See* Declaration of Nicolle L.
28  Jacoby ("Jacoby Decl.") ¶ 5 & Ex. A (email exchange between Jacoby and Jonak).

1   Unless and until this Court determines that the claims can proceed as currently framed by
2   Plaintiff, Defendants believe that meeting and conferring regarding the scope and amount
3   of discovery or motion practice, or anticipated deadlines, would likely be a waste of both
4   the parties' and the Court's resources as any agreement would likely be mooted or would
5   likely need to be revisited after the Court's ruling on the motion to dismiss. Jacoby Decl.
6   ¶ 3. Moreover, much of the basic information Plaintiff would obtain from the initial
7   disclosures should be available in the U.S. Tax Court proceeding, and is either already in
8   Plaintiff's possession or should easily be obtained by counsel. *Id.* ¶ 4. Plaintiff thus can
9   proceed with his initial investigation without initial disclosures from Defendants. *Id.*
10  Defendants filed the instant request as soon as Plaintiff's counsel declined to stipulate to
11  the request for a continuance.

12  The only prior scheduling modifications in this case consisted of stipulated
13  extensions for Defendants to file responses to the complaint. *Id.* ¶ 6; *see also* Docket Nos.
14  5 and 10.

15  Defendants' request will affect the case management schedule by continuing the
16  pretrial deadlines this Court has already scheduled by approximately two months:

|  | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Last day to meet and confer re initial disclosures; last day to file ADR Certification | March 6, 2008 | May 5, 2008 |
| Last day to complete initial disclosures; last day to file Joint Case Management Statement | March 21, 2008 | May 23, 2008 |
| Initial Case Management Conference | March 31, 2008 | June 2, 2008 |

25  No other deadlines have been scheduled as the initial case management conference
26  has not yet been held.

1  The initial case management conference and all associated deadlines should be
2  continued until such time as this Court has ruled upon Defendants' pending motion to
3  dismiss.

5  Dated: February 20, 2008              NICOLLE L. JACOBY
                                          OLIVIER P. STRAUCH
6                                         H. JOSEPH ESCHER III
                                          FRANCE JAFFE
7                                         DECHERT LLP

9                                         By:       /S/
                                              FRANCE JAFFE
10                                            Attorneys for Defendants
                                              AIG MATCHED FUNDING CORP.,
11                                            AIG FINANCIAL SECURITIES
                                              CORP., AIG FINANCIAL
12                                            PRODUCTS CORP., AMERICAN
                                              INTERNATIONAL GROUP, INC.,
13                                            and BANQUE AIG