## Jaffe, France

**From:** Jonak Jennifer [jenny@jonak.com]
**Sent:** Wednesday, February 20, 2008 8:55 AM
**To:** Jacoby, Nicolle
**Cc:** Escher, H.Joseph; Jaffe, France
**Subject:** Re: Request to adjourn dates of initial disclosures and related deadlines

Dear Nicolle,

My offer is a compromise because I am suggesting that you limit your production (beyond our own client's files) to items that have already been produced and therefore could not possibly cause any burden or prejudice to your client. I am aware of no public court tax file that has the documents I have described; if you are, please point me to it. Regarding timing, we did attempt to negotiate a tolling with your firm before filing suit; having been forced to file, we are simply trying to move things forward. If you have some other proposal or compromise in mind, please let me know.

Best,
Jenny


On Feb 20, 2008, at 8:23 AM, Jacoby, Nicolle wrote:

> Dear Jenny:
> We disagree with your characterization of AIG's role in this matter, as well as with your assertions about plaintiff somehow being disadvantaged by an inability to access relevant information that is undoubtedly in the public tax court file. We also do not understand how your offer to have AIG produce documents now constitutes a "compromise." We continue to believe that, given the pendency of our motion to dismiss on statute of limitations and other grounds, adjourning the dates would avoid wasting the parties' and the Court's resources.
>
> Sincerely,
> Nicolle jacoby
>
> ---
>
> **From:** Jonak Jennifer [mailto:jenny@jonak.com]
> **Sent:** Tuesday, February 19, 2008 4:31 PM
> **To:** Jacoby, Nicolle
> **Cc:** Escher, H.Joseph; Jaffe, France
> **Subject:** Re: Request to adjourn dates of initial disclosures and related deadlines
>
>> Dear Nicolle,
>>
>> I did indeed speak to Ms. Jaffe about this, and while I told her that we would consider a proposal by AIG, I told her that we did not agree to delay the initial disclosures. While AIG may already have numerous of the documents belonging to our client, the opposite is not the case, putting us at an unfair disadvantage. I'm not sure what tax court records you reference, but we do not believe that those contain all of AIG's records regarding its role in the Son of BOSS transaction, its marketing of SOB, its initial introduction/design of SOB, etc. We believe that many of the relevant documents belonging to AIG have been produced to the government. Since they would be in a form that could be easily re-produced, we would certainly be open

to discussing some compromise that would involve, for now, producing all of the documents relating to Mr. Thieriot's transaction, as well as the documents that were already produced to the government in its Son of BOSS investigation. That would minimize any burden or prejudice to your client but still ensure that the parties were moving forward on the case.

Best,
Jenny

On Feb 19, 2008, at 1:19 PM, Jacoby, Nicolle wrote:

Dear Jennifer:

I am emailing to follow up on my telephone message of Feb. 12, and your earlier conversation with France Jaffe of Dechert's San Francisco office. As you know, we represent the AIG defendants in the Thieriot matter. In light of our pending motion to dismiss on statute of limitations and other grounds, we believe that it would be more efficient and logical to put off the dates for the parties' initial disclosures, joint status report and case management conference for a reasonable period after the hearing on the motion to dismiss. We propose therefore that the dates be extended two months. I understand from France that you may be willing to agree to a middle-of-the road accommodation whereby the parties might exchange more limited information within the original timeframes, but we remain unsure as to what that would entail. I note in this regard that most of the relevant information should already be in Plaintiff's possession as well as in the public tax court files. If you would like to discuss further, please call me at (212) 698-3920. If we do not hear back by COB Thursday, we will assume that you are not interested in either adjourning the dates or reaching an accommodation short of an adjournment.

Sincerely,
Nicolle Jacoby

This e-mail is from Dechert LLP, a law firm, and may
contain information that is confidential or privileged.
If you are not the intended recipient, do not read, copy
or distribute the e-mail or any attachments. Instead,
please notify the sender and delete the e-mail and any
attachments. Thank you.