LUKENS LAW GROUP
WILLIAM M. LUKENS (SBN 037196)
JENNIFER L. JONAK (SBN 191323)
One Maritime Plaza, Suite 1600
San Francisco, CA 94111
Telephone: (415) 433-3000
Facsimile: (415) 781-1034

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD T. THIERIOT, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AIG MATCHED FUNDING CORP., a corporation; AIG FINANCIAL SECURITIES CORP., a corporation; AIG FINANCIAL PRODUCTS CORP., a corporation; BANQUE AIG, a corporation; and DOES ONE THROUGH THIRTY, inclusive;<br><br>Defendants. | Case No. C-07-5069 JW<br><br>**OPPOSITION TO AIG DEFENDANTS' MOTION TO CHANGE TIME RE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES** |

Plaintiff Richard T. Thieriot opposes the motion filed by the AIG defendants ("AIG") seeking to modify the deadlines set by this Court's Order Setting Initial Case Management Conference and ADR Deadlines. AIG claims that it should not have to engage in, or even discuss, any initial disclosures, ADR procedures, or other Federal Rule of Civil Procedure 26(f) topics based on its filing of a motion to dismiss. AIG's motion to dismiss, however, raises issues of fact that cannot be resolved at this initial stage of the case.[1] Moving the deadlines by 60 days, therefore, will accomplish

---

[1] AIG's motion is based almost entirely on the concept that because Plaintiff had a tax proceeding with the IRS regarding his transaction, that should have put Plaintiff on notice of AIG's own fraud with respect to his Son of BOSS transaction. The tax proceeding, however, shows only that Plaintiff believed wholeheartedly what the promoters had conveyed to him – that his transaction was not a Son of BOSS tax shelter and was not affected by IRS rules. He was repeatedly told about the legitimacy of his

OPPOSITION TO AIG DEFENDANTS' MOTION TO MOVE DEADLINES

nothing other than a delay of this case.  Moreover, Plaintiff's counsel repeatedly offered to discuss compromise proposals with AIG by which the parties could advance the case without causing any burden or substantive work for AIG.  Declaration of Jennifer Jonak, ¶¶ 2-3, Ex. A.  Rather than discuss any such proposal, AIG's counsel filed this motion for miscellaneous relief.  AIG's counsel further suggests that its discovery obligations could be satisfied by a review of the tax court filing concerning Plaintiff's Son of BOSS transaction.  This statement has no foundation, as the tax court filing contains Plaintiff's own tax records, not AIG's documents, including how AIG first became involved in Son of BOSS, its relationship with other promoters, etc.  In fact, this only highlights the disparity between the parties.  AIG has had the benefit of having access to Plaintiff's own transactional files and records, both through this tax proceeding and its own files, yet refuses to share anything – its own records, records already produced to the government, even a discussion of ADR procedures – with Plaintiff.  *Id.*  Prior to filing this case, Plaintiff's counsel sought to negotiate a tolling arrangement with AIG.  AIG refused.  *Id.*  Having forced Plaintiff to litigate, AIG should not now be seeking to delay.

Dated:  February 24, 2008

          LUKENS LAW GROUP
          WILLIAM M. LUKENS (State Bar No. 037196)
          JENNIFER L. JONAK (State Bar No. 191323)


          By:  _____/s/ Jennifer L. Jonak_____
                      Attorneys for Plaintiff

---

transaction and did not discover AIG's own role until far later.  At best, AIG's motion raises an issue of fact that cannot be resolved in a motion to dismiss.

OPPOSITION TO AIG DEFENDANTS' MOTION TO MOVE DEADLINES
2