LUKENS LAW GROUP
WILLIAM M. LUKENS (SBN 037196)
JENNIFER L. JONAK (SBN 191323)
One Maritime Plaza, Suite 1600
San Francisco, CA 94111
Telephone: (415) 433-3000
Facsimile: (415) 781-1034

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD T. THIERIOT, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AIG MATCHED FUNDING CORP., a corporation; AIG FINANCIAL SECURITIES CORP., a corporation; AIG FINANCIAL PRODUCTS CORP., a corporation; BANQUE AIG, a corporation; and DOES ONE THROUGH THIRTY, inclusive;<br><br>Defendants. | Case No.  C-07-5069 JW<br><br>**DECLARATION OF JENNIFER L. JONAK IN SUPPORT OF OPPOSITION TO AIG DEFENDANTS' MOTION TO CHANGE TIME** |

I, JENNIFER L. JONAK, declare as follows:

1. I am an attorney of the Lukens Law Group, counsel for Plaintiff Richard T. Thieriot in this action, and a member in good standing of the State Bar of California.  This declaration is submitted in support of Plaintiff's Opposition to the Motion to Change Time filed by the AIG defendants ("AIG").  I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would testify competently to them.

2. I have attempted to meet and confer with AIG's counsel regarding the initial disclosures, Federal Rule of Civil Procedure 26(f) topics, and other items required by this Court's Order Setting Initial Case Management Conference and ADR Deadlines. On February 11, 2007, I had a conference call with Francis Jaffe, counsel for AIG, which was followed by meet and confer correspondence with Nicolle Jacoby, also counsel for

1  AIG.  A true and complete copy of my correspondence with Ms. Jacoby is attached to this declaration as Exhibit A.

3.  In both my call with Ms. Jaffe and my correspondence with Ms. Jacoby, I advised AIG's counsel that we were open to any proposal or compromise beyond a simple postponement of the initial disclosure dates, case management and other deadlines.  For example, I suggested that AIG could, in lieu of initial disclosures, turn over documents already produced to the government regarding Son of BOSS, the same transaction sold to Plaintiff.  This would involve merely copying a CD or hard drive and cause no expense or burden to AIG, and it would allow the parties to advance the case, while postponing other matters until after the hearing on AIG's motion to dismiss.  I received no response other than the filing of AIG's motion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Creswell, Oregon on February 24, 2008.

By:    /s/ Jennifer L. Jonak
          Attorneys for Plaintiff

**EXHIBIT A**



|  |  |
|---:|:---|
| From: | Jonak Jennifer <jenny@jonak.com> |
| Subject: | **Re: Request to adjourn dates of initial disclosures and related deadlines** |
| Date: | February 20, 2008 8:54:53 AM PST |
| To: | "Jacoby, Nicolle" <nicolle.jacoby@dechert.com> |
| Cc: | "Escher, H.Joseph" <h.joseph.escher@dechert.com>, "Jaffe, France" <france.jaffe@dechert.com> |
| Bcc: | William Lukens <wlukens@lukenslaw.com>, William Lukens <lukenswm@tmo.blackberry.net> |

Dear Nicolle,

My offer is a compromise because I am suggesting that you limit your production (beyond our own client's files) to items that have already been produced and therefore could not possibly cause any burden or prejudice to your client. I am aware of no public court tax file that has the documents I have described; if you are, please point me to it. Regarding timing, we did attempt to negotiate a tolling with your firm before filing suit; having been forced to file, we are simply trying to move things forward. If you have some other proposal or compromise in mind, please let me know.

Best,
Jenny

On Feb 20, 2008, at 8:23 AM, Jacoby, Nicolle wrote:

> Dear Jenny:
> We disagree with your characterization of AIG's role in this matter, as well as with your assertions about plaintiff somehow being disadvantaged by an inability to access relevant information that is undoubtedly in the public tax court file. We also do not understand how your offer to have AIG produce documents now constitutes a "compromise." We continue to believe that, given the pendency of our motion to dismiss on statute of limitations and other grounds, adjourning the dates would avoid wasting the parties' and the Court's resources.
>
> Sincerely,
> Nicolle jacoby
>
> **From:** Jonak Jennifer [mailto:jenny@jonak.com]
> **Sent:** Tuesday, February 19, 2008 4:31 PM
> **To:** Jacoby, Nicolle
> **Cc:** Escher, H.Joseph; Jaffe, France
> **Subject:** Re: Request to adjourn dates of initial disclosures and related deadlines
>
>> Dear Nicolle,
>>
>> I did indeed speak to Ms. Jaffe about this, and while I told her that we would consider a proposal by AIG, I told her that we did not agree to delay the initial disclosures. While AIG may already have numerous of the documents belonging to our client, the opposite is not the case, putting us at an unfair disadvantage. I'm not sure what tax court records you reference, but we do not believe that those contain all of AIG's records regarding its role in the Son of BOSS transaction, its marketing of SOB, its initial introduction/design of SOB, etc. We believe that many of the relevant documents belonging to AIG have been produced to the government. Since they would be in a form that could be easily re-produced, we would certainly be open to discussing some compromise that would involve, for now, producing all of the documents relating to Mr. Thieriot's transaction, as well as the documents that were already produced to the government in its Son of BOSS investigation. That would minimize any burden or prejudice to your client but still ensure that the parties were moving forward on the case.
>>
>> Best,
>> Jenny
>>
>> On Feb 19, 2008, at 1:19 PM, Jacoby, Nicolle wrote:
>>
>>> Dear Jennifer:
>>> I am emailing to follow up on my telephone message of Feb. 12, and your earlier conversation with France Jaffe of Dechert's San Francisco office. As you know, we represent the AIG defendants in the Thieriot matter. In light of our pending motion to dismiss on statute of limitations and other grounds, we believe that it would be more efficient and logical to put off the dates for the parties' initial disclosures, joint status report and case management conference for a reasonable period after the hearing on the motion to dismiss. We propose therefore that the dates be extended two months. I understand from France that you may be willing to agree to a middle-of-the road accommodation whereby the parties might exchange more limited information within the original timeframes, but we remain unsure as to what that would entail. I note in this regard that most of the relevant information should already be in Plaintiff's possession as well as in the public tax court files. If you would like to discuss further, please call me at (212) 698-3920. If we do not hear back by COB Thursday, we will assume that you are not interested in either adjourning the dates or reaching an accommodation short of an adjournment.
>>>
>>> Sincerely,
>>> Nicolle Jacoby
>>>
>>>
>>> This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or
>>> privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any

> attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.