1  LUKENS LAW GROUP
   WILLIAM M. LUKENS (SBN 037196)
2  JENNIFER L. JONAK (SBN 191323)
   One Maritime Plaza, Suite 1600
3  San Francisco, CA 94111
   Telephone: (415) 433-3000
4  Facsimile: (415) 781-1034

5  Attorneys for Plaintiff Richard T. Thieriot

6

7  DECHERT LLP
   NICOLLE L. JACOBY (admitted *pro hac vice*)
   30 Rockefeller Plaza
8  New York, NY 10112-2200
   Telephone: (212) 698-3500
9  Facsimile: (212) 698-3599

10 DECHERT LLP
   H. JOSEPH ESCHER III (SBN 85551)
11 FRANCE JAFFE (SBN 217471)
   One Maritime Plaza, Suite 2300
12 San Francisco, CA 94111
   Telephone: (415) 262-4500
13 Facsimile: (415) 262-4555

14 Attorneys for AIG Matched Funding Corp.,
   AIG Financial Securities Corp., AIG Financial
15 Products Corp., American International Group,
   Inc., and Banque AIG

16

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD T. THIERIOT, an individual; | Case No. C-07-5069 JW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| AIG MATCHED FUNDING CORP., a corporation; AIG FINANCIAL SECURITIES CORP., a corporation; AIG FINANCIAL PRODUCTS CORP., a corporation; AMERICAN INTERNATIONAL GROUP, INC., a corporation; BANQUE AIG, a corporation; and DOES ONE THROUGH THIRTY, inclusive; | Date: March 31, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: The Hon. James Ware |
| Defendants. | |

Plaintiff Richard T. Thieriot and defendants AIG Matched Funding Corp., AIG Financial Securities Corp., AIG Financial Products Corp., American International Group, Inc. and Banque AIG (collectively "AIG") hereby submit this Joint Case Management Statement. Counsel for Plaintiff and AIG met and conferred regarding the topics of this case management conference statement, early settlement, ADR, a discovery plan and related matters on March 4, 2008. There are no other named parties in this action at this time.

A. <u>Subject Matter Jurisdiction</u>. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

B. <u>Brief Description of Claims/Defenses And Related Actions</u>.

<u>Plaintiff's Claims</u>:  Plaintiff asserts claims against AIG for fraud, unjust enrichment and unfair business practices based upon its involvement in a Son of BOSS transaction sold to him in 2000 at the time of his family's sale of the San Francisco Chronicle. Plaintiff takes the position that AIG did not disclose its true role in the transaction, including its co-creation of the tax shelter and the nature of its relationship with tax shelter co-promoters Arthur Andersen LLP and Sidley Austin Brown & Wood LLP. According to Plaintiff, he was told that the transaction sold to him was a customized one specific to his circumstances. Plaintiff alleges that AIG knew otherwise, having been involved in the sale of other mass-marketed Son of BOSS transactions, yet never disclosed this to Plaintiff, nor did AIG ever disclose that the Sidley opinion letter supporting the transaction was a mass-generated, boilerplate letter. Plaintiff also asserts that AIG knew his transaction was an illegal tax shelter that would never pass muster with the IRS, yet never disclosed this to him. Plaintiff seeks compensatory damage for the millions in fees paid for the transaction, fees to compensate for his tax damages, punitive damages, injunctive relief, and attorney's fees.

AIG's Defenses:

AIG denies Plaintiff's allegations. As fully set forth in AIG's motion to dismiss, AIG asserts that Plaintiff's claims, all of which arise from options transactions that took place more than eight years ago, are clearly time-barred by the applicable statutes of limitations. In addition, as set forth in AIG's motion, and as admitted by Plaintiff in the Complaint, Plaintiff relied on the advice of his long-term accountant and a national law firm in choosing to execute the transactions at issue in this case. The agreements Plaintiff executed with AIG, which were reviewed by his attorneys and advisors, contained explicit disclaimers that Plaintiff consulted with and relied upon the advice of his tax and legal professionals in choosing to enter into the transactions and did not rely on the advice of AIG in doing so. AIG also specifically disclaimed any duty to advise Plaintiff on the tax consequences of the transaction. AIG specifically disclosed to Plaintiff that it had paid fees to Arthur Andersen to arrange this and similar transactions in the past, and might do so again in the future. AIG denies that it performed any role beyond executing the transactions in accordance with their contractual terms.

Related Actions:

AIG takes the position that Plaintiff's Tax Court proceeding is related to this action. That Tax Court proceeding, which involves the Son of BOSS transaction at issue in this case, has been on hold due to a settlement, which is in the process of being finalized, between Plaintiff and the IRS. Plaintiff reserves the right to determine whether other Son of BOSS litigation pending against AIG (which has not yet been disclosed to Plaintiff) is related to this action.

C.     Summary of Proceedings And Compliance With Rule 26: On October 7, 2007, Plaintiff initiated this action. On February 6, 2008, AIG filed a motion to dismiss the complaint based upon statutes of limitations grounds, failure to plead claims with requisite particularity, failure to state claims and moved to strike Plaintiff's jury demand. AIG's motion has been set for hearing on April 7, 2008. Plaintiff has served

JOINT CASE MANAGEMENT STATEMENT (Case No. C-07-5069 JW)
3

AIG with initial discovery requests, and the parties anticipate exchanging initial disclosures pursuant to Federal Rule 26(a) on or before March 28, 2008.

      D.      <u>Pending Motions</u>.  AIG's motion to dismiss and motion to strike is currently pending before this Court.  There are no other pending motions at this time.

      E.      <u>Major Motions Expected</u>.

      <u>Plaintiff's Position</u>:  Plaintiff anticipates a possible summary judgment motion against AIG regarding, among other matters, whether Plaintiff's transaction was an abusive tax shelter.

      <u>AIG's Position</u>:  Should the Court not grant AIG's motion to dismiss, AIG anticipates filing a summary judgment motion on the grounds articulated in its motion to dismiss.

      F.      <u>New Parties</u>:  Plaintiff may add Arthur Andersen LLP as a defendant to this action.  Besides this, Plaintiff and AIG do not expect any new parties to be added or existing parties deleted at this time.

      G.      <u>Hearings.</u>  Plaintiff and AIG do not presently anticipate any evidentiary, claim-construction or class-certification hearings before trial.

      H.      <u>Evidence-Preservation</u>:  The parties have complied with the evidence preservation requirements of paragraph 6 of the Court's Standing Order on Contents of Joint Case Management Statement.

      I.      <u>Stipulated Discovery Matters</u>:  With respect to discovery limits different from the Federal Rules, Plaintiff and AIG have not been able to agree upon any limits that should be changed or apply to discovery in this action.  Plaintiff believes that given the complexity of the case and number of individuals and entities involved, each side should have 20 depositions, which is 10 more than the number of depositions normally allotted under the Federal Rules.  AIG does not agree and would limit the number of depositions to 10.  In addition, AIG believes that each side should have no more than 25 requests for documents, 25 interrogatories, and 25 requests for admission.  AIG notes

1 that Plaintiff has already served 132 requests for documents on AIG, and that such
2 requests are on their face oppressive, overbroad, unduly burdensome and not reasonably
3 calculated to lead to the discovery of admissible evidence.  Plaintiff does not agree to
4 such limitations or with this characterization and notes that there is normally no limit on
5 document requests under the Federal Rules, and that this was an extremely complex
6 transaction that involves numerous categories of documents.

7 Plaintiff and AIG have agreed that a confidentiality stipulation and protective
8 order are appropriate for this case and shall meet and confer to propose a protective
9 order to be submitted to the Court.

10 J.    Proposed Deadlines:

11 Plaintiff's Position:  Plaintiff believes that the most efficient means of moving this
12 case forward is to set a trial setting conference date and corresponding discovery and
13 expert deadlines.  Plaintiff requests the following deadlines: non-expert discovery cut-
14 off date within six months; expert discovery cut-off date within nine months; deadline to
15 file joint pre-trial conference order within ten months, and trial setting conference in
16 eleven months with a trial for spring or early summer 2009.

17 AIG's Position:  AIG agrees with Plaintiff's suggested discovery deadlines but
18 believes the case management schedule should include additional time for the parties to
19 file summary judgment motions, and therefore requests the following deadlines: non-
20 expert discovery cut-off date within six months; expert discovery cut-off date within
21 nine months; deadline to file summary judgment motions within ten months; deadline to
22 file joint pre-trial conference order within twelve months, and trial setting conference in
23 thirteen months with a trial for fall 2009.

24 K.    Jury: Plaintiff has demanded a jury.  AIG has filed a motion to strike and
25 takes the position that Plaintiff does not have the right to a jury.  Assuming the case is
26 tried with a jury, Plaintiff and AIG estimate a trial lasting 10 days.  Assuming the case is
27 tried without a jury, Plaintiff and AIG estimate a trial lasting 5-8 days.

28

L. <u>Damages/Relief Sought</u>:  Plaintiff seeks to recover the following damages: the millions in fees Plaintiff paid for his Son of BOSS transaction; the millions in back taxes and interest assessed by the State of California and/or Internal Revenue Service in connection with deductions he took on his tax returns arising out of his participation in the Son of BOSS transaction; the value of investments lost by Plaintiff arising out of his participation in the Son of BOSS transaction; the loss of use of funds caused by his investment in Son of BOSS; and punitive damages.  Plaintiff also seeks injunctive relief and recovery of attorneys' fees and costs.

M. <u>ADR</u>:  Plaintiff is willing to engage in mediation at any time and has proposed a private mediation before U.S. District Court Judge Layn Phillips (Ret.), who is familiar with and has settled many tax shelter cases.   AIG is not interested in ADR unless the Court denies its motion to dismiss and the parties have conducted some preliminary discovery.  In that event, AIG and Plaintiff have agreed that a mediation should be conducted within 3 months of the Court's ruling on AIG's motion to dismiss.

N. Plaintiff and AIG do not consent to the assignment of the case to a Magistrate Judge.

O. The service list for counsel who have appeared is as follows:

<u>Attorneys for Plaintiff</u>:

William M. Lukens
Jennifer L. Jonak
Lukens Law Group
One Maritime Plaza, Suite 1600,
San Francisco, CA 94111,
Telephone:  (415) 433-3000
Facsimile:  (415) 781-1034

<u>Attorneys for AIG</u>:

Nicolle Jacoby
Dechert LLP
30 Rockefeller Plaza
New York, NY
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599

JOINT CASE MANAGEMENT STATEMENT (Case No. C-07-5069 JW)
6

        H. Joseph Escher III
        France Jaffe
        Dechert LLP
        One Maritime Plaza, Suite 2300
        San Francisco, CA 94111
        Telephone:  (415) 262-4500
        Facsimile:  (415) 262-4555

   P.    <u>Other Matters</u>:  There are no other matters.

DATED:  March 25, 2008                      LUKENS LAW GROUP

                                           By_____/S/_____
                                              Jennifer L. Jonak

                                              Attorneys for Plaintiff
                                              RICHARD T. THEIRIOT

DATED:  March 25, 2008                        DECHERT LLP

                                           By:_____/S/_____
                                              Nicolle Jacoby
                                              Attorneys for AIG Defendants