NICOLLE L. JACOBY (admitted *pro hac vice*)
nicolle.jacoby@dechert.com
JOSEPH J. LAVIN (admitted *pro hac vice*)
joseph.lavin@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: 212.698.3500
Facsimile: 212.698.3599

H. JOSEPH ESCHER III (No. 85551)
h.joseph.escher@dechert.com
FRANCE JAFFE (No. 217471)
france.jaffe@dechert.com
DECHERT LLP
One Maritime Plaza
Suite 2300
San Francisco, CA 94111-3513
Telephone: 415.262.4500
Facsimile: 415.262.4555

Attorneys for Defendants
AIG MATCHED FUNDING CORP.,
AIG FINANCIAL SECURITIES CORP.,
AIG FINANCIAL PRODUCTS CORP.,
and BANQUE AIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD T. THIERIOT,<br><br>    Plaintiff,<br><br>v.<br><br>AIG MATCHED FUNDING CORP.,<br>et al.,<br><br>    Defendants. | Case No. C-07-05069 JW RS<br><br>Action Filed: October 2, 2007<br><br>ANSWER OF DEFENDANTS AIG MATCHED FUNDING CORP., AIG FINANCIAL SECURITIES CORP., AIG FINANCIAL PRODUCTS CORP., AND BANQUE AIG TO THE FIRST AMENDED COMPLAINT<br><br>Dep't:    Courtroom 8, 4th Floor<br>Judge:    Honorable James Ware |

Defendants AIG Matched Funding Corp., AIG Financial Securities Corp., AIG Financial Products Corp., and Banque AIG (collectively, "Defendants" or "AIG"), hereby respond to the First Amended Complaint ("Complaint") filed by plaintiff Richard T. Thieriot ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 purports to summarize the allegations of the Complaint, to which no response is required, except that Defendants state that the Complaint speaks for itself and refer to it for a true and accurate portrayal of its contents. Defendants additionally note that, contrary to this Court's May 8, 2008 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, which construed Plaintiff's improperly alleged second cause of action for "unjust enrichment" as a properly alleged cause for restitution, but which also cautioned Plaintiff to properly allege restitution in any amended complaint, Plaintiff has improperly re-alleged unjust enrichment as his second cause of action in the Complaint.

2. Paragraph 2 of the Complaint asserts conclusions of law for which no response is required. Defendants admit that Defendants are foreign corporations and that Plaintiff alleges that he is a citizen residing in California. To the extent paragraph 2 otherwise asserts or implies factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny them.

3. Paragraph 3 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 3 asserts factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny them, except that Defendants admit that one or more of the Defendants is subject to personal jurisdiction in the Northern District of California.

**PARTIES**

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny them, except that Defendants admit that Richard T. Thieriot is an individual.

5. Paragraph 5 of the Complaint asserts conclusions of law for which no response is required. Defendants admit that AIG Matched Funding Corp. is a Delaware corporation with its principal place of business located in Wilton, Connecticut and that it is involved in financial transactions in many parts of the United States, including the Northern District of California. Defendants admit that AIG Matched Funding Corp. was involved in transactions with Plaintiff and persons apparently related to him. Defendants otherwise deny the allegations in paragraph 5.

6. Paragraph 6 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 6 states factual allegations, Defendants admit that AIG Financial Securities Corp. is a Delaware corporation with its principal place of business located in Wilton, Connecticut and that it is involved in financial transactions in many parts of the United States, including the Northern District of California. Defendants admit that AIG Financial Securities Corp. was involved in transactions with Plaintiff and persons apparently related to him. Defendants otherwise deny the allegations in paragraph 6.

7. Paragraph 7 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 7 states factual allegations, Defendants admit that Banque AIG is a French corporation with its principal place of business located in Paris, France and that it is involved in banking and financial transactions in many parts of the world. Defendants admit that Banque AIG was involved in transactions with Plaintiff and persons apparently related to him. Defendants otherwise deny the allegations in paragraph 7.

8. Paragraph 8 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 8 states factual allegations, Defendants admit that

1  AIG Financial Products Corp. is a Delaware corporation with its principal place of
2  business located in Wilton, Connecticut, that AIG Matched Funding Corp., AIG Financial
3  Securities Corp. and Banque AIG are subsidiaries of AIG Financial Products Corp., and
4  that AIG Financial Products Corp. is involved in financial transactions in many parts of
5  the United States, including the Northern District of California.  Defendants admit that
6  AIG Financial Products Corp. was involved in transactions with Plaintiff and persons
7  apparently related to him.  Defendants otherwise deny the allegations in paragraph 8.

8    9.   Paragraph 9 of the Complaint asserts conclusions of law for which no response
9  is required.  To the extent paragraph 9 states factual allegations, Defendants admit that
10 American International Group, Inc. is a Delaware corporation with its principal place of
11 business located in New York, New York, and that AIG Financial Products Corp. is a
12 subsidiary of American International Group, Inc.  Defendants deny that American
13 International Group, Inc. is itself directly involved in banking and investment transactions
14 throughout the United States.  Defendants otherwise deny the allegations in paragraph 9.
15 Defendants additionally note that Plaintiff voluntarily dismissed his claims against former
16 defendant American International Group, Inc., without prejudice, on July 8, 2008.  *See*
17 Docket no. 45; *see also* Docket no. 47 (Order of Dismissal).

18   10.   Defendants are without knowledge or information sufficient to form a belief as
19 to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore
20 deny them.

**GENERAL ALLEGATIONS**

22   11.   Paragraph 11 of the Complaint asserts conclusions of law for which no response
23 is required.  Paragraph 11 purports to summarize the allegations of the Complaint, to
24 which no response is required, except that Defendants state that the Complaint speaks for
25 itself and refer to it for a true and accurate portrayal of its contents.  Defendants, on
26 information and belief, admit that federal and state tax agencies sometimes have
27 disallowed certain claimed tax losses resulting from an investment structure that has

sometimes been referred to as "the Son of BOSS." To the extent that paragraph 11 otherwise states factual allegations, they are denied.

12. Paragraph 12 of the Complaint asserts conclusions of law for which no response is required. Defendants specifically deny that Defendants knew that Plaintiff's transactions were a sham that would not be recognized by federal or state taxing authorities for income tax purposes. Defendants also deny that they facilitated the Son of Boss strategy, and that they helped induce Plaintiff to purchase it. To the extent paragraph 12 otherwise states factual allegations as to Defendants, Defendants deny them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to unnamed parties, and therefore deny those allegations.

13. Paragraph 13 of the Complaint asserts conclusions of law for which no response is required. Defendants deny the factual allegations in paragraph 13 of the Complaint except admit only that Defendants have engaged in transactions with other counterparties that are similar in some, but not all, respects to the transactions with Plaintiff.

14. Paragraph 14 of the Complaint asserts conclusions of law for which no response is required. Defendants deny the factual allegations in paragraph 14 of the Complaint except admit only that Defendants engaged in transactions with Plaintiff. Defendants also admit, on information and belief, that Plaintiff entered into a consulting agreement with Arthur Andersen dated February 7, 2000, and that Arthur Andersen acted in an advisory capacity towards Plaintiff.

15. Paragraph 15 of the Complaint asserts conclusions of law for which no response is required. Defendants deny the factual allegations in paragraph 15 of the Complaint except admit that Banque AIG, AIG Matched Funding Corp., AIG Financial Securities Corp., AIG Financial Products Corp., Kurt Nelson, Amy Donohue, Jake DeSantis, Robert Powell, Douglas Poling, Richard Fabbro, and Paul Campbell were involved in the execution, analysis or documentation of certain aspects of the transactions with Plaintiff and/or transactions that were similar in some, but not all, respects to the transactions with

1  Plaintiff, and refer to the contents of the transaction documents for a full and accurate
2  portrayal of the documents.

3      16.    Paragraph 16 of the Complaint asserts conclusions of law for which no response
4  is required. To the extent the allegations in paragraph 16 of the Complaint purport to
5  summarize the transactions, Defendants state that the transaction documents speak for
6  themselves and refer to the contents of the transaction documents for a full and accurate
7  portrayal of the documents. Defendants deny the remaining factual allegations in
8  paragraph 16 of the Complaint.

9      17.    Paragraph 17 of the Complaint asserts conclusions of law for which no response
10 is required. Defendants deny the factual allegations in paragraph 17 of the Complaint
11 except admit only that, on information and belief, prior to 2002, Arthur Andersen
12 maintained an office in San Francisco, California. Defendants also admit that they have
13 engaged in transactions with other counterparties referred by Arthur Andersen and that
14 they knew that some of the individuals associated with the counterparties were California
15 residents.

16     18.    Paragraph 18 of the Complaint asserts conclusions of law for which no response
17 is required. Defendants deny the allegations set forth in paragraph 18 of the Complaint,
18 except admit only that Defendants did not register Plaintiff's transactions with the IRS.

19     19.    Paragraph 19 of the Complaint asserts conclusions of law for which no response
20 is required. Defendants are without knowledge or information sufficient to form a belief
21 as to the truth of the allegations in paragraph 19 pertaining to the knowledge, state of
22 mind, or conduct of Plaintiff, Arthur Andersen, or Brown & Wood LLP (now Sidley
23 Austin LLP ("Sidley")) or other unnamed parties, and therefore deny them. Defendants
24 deny the allegations regarding Defendants, except admit only that Kurt Nelson was
25 involved in transactions with Plaintiff and worked with Kenneth Mandel of Arthur
26 Andersen on these, and other transactions that were similar in some, but not all, respects
27 to the transactions with Plaintiff.
28

20. Paragraph 20 of the Complaint asserts conclusions of law for which no response is required. Defendants deny the allegations in paragraph 20 of the Complaint, except Defendants admit that Plaintiff, or persons acting on Plaintiff's behalf, signed various transaction documents and refer to those documents for a full and accurate portrayal of their contents.

21. Paragraph 21 of the Complaint asserts conclusions of law for which no response is required. Because Defendants deny that they were "active in promoting or marketing" the "Son of Boss" transactions, and because they deny that they received "kick-back fees for their involvement in Plaintiff's" transactions, Defendants admit that they never disclosed such purported "facts" to Plaintiff. Defendants admit that AIG Financial Products Corp. considers the unique pricing of its financial transactions and trades with counterparties to be proprietary and confidential, and that this fact may have communicated to certain of AIGFP's clients and/or business contacts, including Arthur Andersen, and state that the document from which Plaintiff has selectively quoted speaks for itself, and refer to it for a true and accurate portrayal of its contents. Defendants otherwise deny the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint asserts conclusions of law for which no response is required. To the extent that paragraph 22 purports to assert factual allegations, they are denied.

23. Paragraph 23 of the Complaint asserts conclusions of law for which no response is required. To the extent that paragraph 23 refers to section 6111(c)(1) of the Internal Revenue Code and the Internal Revenue Service's regulations and other formal interpretations of that statute, Defendants state that the statute and any relevant regulations or formal interpretations thereof speak for themselves, and refer to those documents for a true and accurate portrayal of their contents. To the extent that paragraph 23 asserts factual allegations, they are denied.

24. Paragraph 24 of the Complaint asserts conclusions of law for which no response is required. To the extent that paragraph 24 purports to paraphrase Internal Revenue

1  Service Notice 1999-59, no response is required, except that Defendants state that Notice
2  1999-59 speaks for itself and refer to that notice for a true and accurate portrayal of its
3  contents. To the extent that paragraph 24 alleges or implies factual assertions, they are
4  denied.

5      25.     Paragraph 25 of the Complaint asserts conclusions of law for which no response
6  is required. Paragraph 25 of the Complaint purports to paraphrase Internal Revenue
7  Service Notice 2000-44, to which no response is required, except that Defendants state
8  that Notice 2000-44 speaks for itself and refer to that notice for a true and accurate
9  portrayal of its contents. To the extent that paragraph 24 alleges or implies factual
10 assertions, they are denied.

11     26.     Paragraph 26 of the Complaint asserts conclusions of law for which no response
12 is required. To the extent that paragraph 26 refers to Internal Revenue Service Notices
13 1999-59 and 2000-44, Defendants state that those notices speaks for themselves and refer
14 to those notices for a true and accurate portrayal of their contents. To the extent that
15 paragraph 26 asserts factual allegations, they are denied.

16     27.     Paragraph 27 of the Complaint asserts conclusions of law for which no response
17 is required. To the extent that paragraph 27 refers to any opinion letter allegedly received
18 by Plaintiff from Sidley, Defendants state that any such letter would speak for itself and
19 refer to such document for a true and accurate portrayal of its contents. To the extent that
20 paragraph 27 asserts factual allegations, Defendants lack sufficient knowledge or
21 information to form a belief as to the truth of the allegation that Sidley provided an
22 opinion letter to Plaintiff on February 23, 2001, and therefore deny it. Defendants deny
23 the remainder of the allegations in paragraph 27 of the Complaint.

24     28.     Paragraph 28 of the Complaint asserts conclusions of law for which no response
25 is required. To the extent that paragraph 28 refers to section 6700 of the Internal Revenue
26 Code, Defendants state that the statute speaks for itself and refer to that statute for a true
27 and accurate portrayal of its contents. To the extent that paragraph 28 asserts factual
28 allegations, they are denied.

29. Paragraph 29 of the Complaint asserts conclusions of law for which no response is required. To the extent that paragraph 29 asserts factual allegations, Defendants are informed and believe, based upon documents filed in Plaintiff's case before the U.S. Tax Court, that the Internal Revenue Service audited Plaintiff's 2000 tax returns and that the Internal Revenue Service and the State of California Franchise Tax Board have disallowed Plaintiff's claimed tax losses stemming from his transactions with Defendants. Defendants otherwise deny the allegations contained in paragraph 29 of the Complaint.

## FIRST CAUSE OF ACTION

### Fraud

30. In response to paragraph 30 of the Complaint, Defendants incorporate and restate their responses to paragraphs 1-29.

31. Paragraph 31 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 31 of the Complaint purports to assert factual allegations, they are denied.

32. Paragraph 32 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 32 of the Complaint purports to assert factual allegations, they are denied.

33. Paragraph 33 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 33 of the Complaint purports to assert factual allegations, they are denied.

34. Paragraph 34 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 34 of the Complaint purports to assert factual allegations, they are denied.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

35. In response to paragraph 35 of the Complaint, Defendants incorporate and restate their responses to paragraphs 1-34.

1    36.    To the extent paragraph 36 of the Complaint asserts conclusions of law, no response is required. To the extent paragraph 36 of the Complaint purports to assert factual allegations, Defendants lack sufficient knowledge and information to form a belief as to their truth, and therefore deny them.

37.    Paragraph 37 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 37 of the Complaint purports to assert factual allegations, they are denied.

38.    Paragraph 38 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 38 of the Complaint purports to assert factual allegations, they are denied. Defendants additionally note that Plaintiff has not conformed his pleading to this Court's May 8, 2008 Order requiring that any amended complaint properly allege restitution rather than unjust enrichment as its second cause of action. Rather, Plaintiff appears to have simply copied and pasted his original unjust enrichment claim into the First Amended Complaint verbatim.

### THIRD CAUSE OF ACTION

**Unfair Business Practices, Cal. Bus. & Prof. Code § 17200**

39.    In response to paragraph 39 of the Complaint, Defendants incorporate and restate their responses to paragraphs 1-38.

40.    Paragraph 40 purports to paraphrase the Unfair Business Practices Act, California Business and Professions Code §17200 *et seq.*, to which no response is required, except that Defendants state that the statute speaks for itself and refer to the statute for a true and accurate portrayal of its contents.

41.    Paragraph 41 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 41 of the Complaint purports to assert factual allegations, they are denied.

42.    Paragraph 42 of the Complaint asserts conclusions of law for which no response is required. To the extent paragraph 42 of the Complaint purports to assert factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations implicating Plaintiff's past investment opportunities or tax treatment, and therefore deny them. Defendants otherwise deny the allegations contained in paragraph 42 of the Complaint.

43. Paragraph 43 purports to paraphrase the Unfair Business Practices Act, California Business and Professions Code §17200 *et seq.*, to which no response is required, except that Defendants state that the statute speaks for itself and refer to the statute as a true and accurate portrayal of its contents. No response is required to paragraph 43 of the Complaint to the extent it states a prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff has failed to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including without limitation California Code of Civil Procedure sections 337, 338, 339, and 343, and California Business and Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

### (No Fiduciary Duty)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to allege or establish any facts giving rise to a fiduciary duty of the Defendants to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were not proximately caused by Defendants' conduct.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

### (Contractual Disclaimer/Release)

Plaintiff's claims are barred, in whole or in part, because Plaintiff effectively disclaimed and/or released all possible grounds for his causes of action by means of valid, binding agreements.

### SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

### (Parole Evidence Rule)

Plaintiff's claims are barred, in whole or in part, by the parole evidence rule.

### NINTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks authority and/or standing to bring some or all of the claims raised in this suit and/or to seek the reimbursement, damages, restitution or declaratory relief demanded.

### TENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel and/or quasi estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was not unfair, unlawful, or deceptive and was undertaken in good faith for a valid business purpose.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has participated in the same sort of wrongdoing that Plaintiff has alleged by Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (*In Pari Delicto*)

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Consent)

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to Defendants' alleged actions.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Mitigation of Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any damages that he claims to have sustained and for which he seeks recovery in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

Any damages sustained by Plaintiff were caused, in whole or in part, by the contributory and/or comparative negligence, fault and want of due care of Plaintiff or other persons or entities, and therefore Plaintiff is barred from any recovery, or any monetary recovery must be reduced in proportion to the amount of negligence or fault attributable to Plaintiff or those other persons or entities.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Plaintiff's Unjust Enrichment Claim)

Plaintiff's inclusion of a cause of action for unjust enrichment is barred both because it is not a cause of action under California law and because its inclusion in the First Amended Complaint is expressly contrary to this Court's May 8, 2008 Order.

Attorneys At Law
San Francisco

12

DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT   C-07-05069 JW RS

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Contracts Bar Quasi-Contractual Claims)

Plaintiff's claim for unjust enrichment, even if it had been properly re-alleged as restitution, which it was not, is barred, in whole or in part, because Plaintiff has entered into contracts with Defendants that govern the rights and obligations of each party to the contracts.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because they would result in Plaintiff receiving more money than he is entitled to pursuant to his agreements with Defendants or otherwise.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Prospective Relief)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not alleged any threat of future injury for which prospective relief may be granted.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Indispensable or Necessary Party Not Joined)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join a party whose absence precludes complete relief among existing parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Other Defenses)

Defendants hereby reserve the right to amend their answer in order to assert additional defenses that become available or apparent during this litigation.

1  WHEREFORE, Defendants pray as follows:

2  1.  That Plaintiff take nothing by reason of his Complaint and that judgment be entered in favor of Defendants;

3  2.  That Defendants be awarded their costs of suit incurred in defending this action; and,

4  3.  For such other relief as the Court deems proper.

Dated: July 10, 2008

NICOLLE L. JACOBY
JOSEPH J. LAVIN
H. JOSEPH ESCHER III
FRANCE JAFFE
DECHERT LLP


By:  /S/
FRANCE JAFFE
Attorneys for Defendants
AIG MATCHED FUNDING CORP.,
AIG FINANCIAL SECURITIES
CORP., AIG FINANCIAL
PRODUCTS CORP., and BANQUE
AIG